JAMES TREAT & al. *versus* CHARLES D. GILMORE.

A promissory note given by A to B, and by B indorsed to a third party, constitutes a contingent indebtedness from A to B, so long as B's liability continues thereon.

A question of fact submitted to the Court, and decided by the Judge, acting in place of a jury, is not open to revision or exceptions.

The grantee, in a second mortgage of chattels, may maintain an action of *trover* against an officer, who, before the title of the first mortgagee becomes absolute, attaches and sells the goods mortgaged, such grantee being, by the act of the officer, deprived of his right of redemption.

The right of the grantee, in the second mortgage, to redeem the goods, continues until the foreclosure of the first mortgage, unless defeated by the goods being taken and sold by a third party.

An appraisal of goods of a mortgager, attached by his creditors, made under the authority of the attaching officer, is not binding on the mortgagee as a rule of damages, in an action against the officer.

TROVER. This case was tried by the presiding Judge, APPLETON, J., by agreement, reserving the right to except.

Samuel B. Field, on Jan. 15, 1857, mortgaged the goods in his store, in Bangor, to the plaintiffs and others, and, also, his goods in the custom house and on board schooner Jenny Lind, subject to a mortgage of the same date, to John Benson and David Fuller, of the same goods, with covenants of seizin, ownership, and warranty against all persons, excepting Benson and Fuller, on condition, that if the said Field, his heirs, executors, or administrators, should pay to the said grantees, their executors, administrators, or assignees, all his indebtedness to either of them, by note, account, or otherwise, within six months from date, the said Field to retain the goods during the said six months, and pay the proceeds to the said grantees, after first paying said Benson and Fuller mortgage, then the deed to be void, otherwise to be in force.

This mortgage was recorded by the city clerk of Bangor, Jan. 16th, 1857, and was accepted by the plaintiffs Jan. 18th. At the date of the mortgage, there were in the Kenduskeag Bank, Bangor, two notes of Field, indorsed by the plaintiffs, one dated Sept. 16th, 1856, for $314,33, payable in four months, and the other, Nov. 14th, for $229,96, in four months. These notes were paid at maturity, by the plaintiffs.

The goods of Field were attached by the defendant, as sheriff of the county, April 3d, 1857, in an action, *Barnard & al.* v. *Field*, appraised at $2931,93, and afterwards sold for $2954,10; expenses of sale, $225,49; balance, $2728,61, to be applied on the judgment in the suit.

The writ and record in a suit, John Benson and David Fuller against the defendant, were put into the case. Ver-

dict for the plaintiffs, $2554,81, at April term, 1858; remitted by the plaintiffs, $175; judgment rendered for $2326,42.

Field, called by the plaintiffs, testified that the goods in the store were the same when attached as at the date of the mortgage, except a quantity of seed put in after the mortgage. He further testified, that, up to December, 1856, he was boarding in Bangor, but at the latter part of that month, he went to board in Brewer, with his wife's mother, his wife expecting to be confined soon; left his effects at his boarding house in Bangor, until after his store was closed by the attachment.

The defendant requested the Court to rule, 1st, that the two notes, being the property of the Kenduskeag Bank, did not constitute an "indebtedness" secured by the mortgage; 2d, that, upon the evidence, the residence of Field, at the date of the mortgage, was in Brewer, and the mortgage should have been recorded there; 3d, that, at the time of the attachment and sale, the legal title to the goods was in Benson and Fuller, the first mortgagees, and that the plaintiffs took, by their mortgage, only the right of redemption, which, not having exercised within the time named in the statute, they had lost; and, 4th, that in law, the judgment in favor of the first mortgagees in their suit against the defendant, operated to transfer the whole property in the goods and their proceeds, to the defendant.

The Judge refused to rule as requested, but ruled that the measure of damages should be the appraised value of the goods, less the value of the articles not embraced in the mortgage, and that the amount of the judgment for damages in the case of *Benson & al.* v. *Gilmore*, and not the amount of the verdict, was to be deducted.

The defendant excepted.

*W. C. Crosby*, in support of the exceptions, argued that the "indebtedness" of Field, on the two notes, at the date of the mortgage, was not to the plaintiffs, but to the bank, and the terms of the mortgage did not include it.

The apparent residence of Field was in Brewer, at the

date of the mortgage. Creditors could only know what they could see. His private, undeclared intention to return to Bangor, was unknown to them. The statute must refer to his apparent residence, otherwise it was at his option afterwards to declare his intentions, so as to fix his residence in either place.

Field, after his mortgage to Benson and Fuller, had no other interest in the goods than the right to redeem, and could convey no more. This right ceased in sixty days after the time of payment to Benson and Fuller expired. *Clapp* v. *Glidden*, 39 Maine, 448. The presumption is, that that mortgage has never been redeemed. As the plaintiffs did not redeem from Benson and Fuller, they have lost all right to the goods, and cannot complain of acts of the defendant, by which they have been injured.

The plaintiffs cannot recover in this suit, because, at the time it was commenced, they had no right to the possession of the goods. 22 Pick., 53; 9 Pick., 156. The right of possession was then in Benson and Fuller, and could not be in the plaintiffs. The judgment in favor of Benson and Fuller for damages transferred the title to the goods to the defendant, and, as the plaintiffs have never redeemed the first mortgage, they have no ground of complaint.

*Rowe & Bartlett*, for the plaintiffs.

The opinion of the Court was drawn up by .

RICE, J. — Trover for a stock of goods taken by the defendant, as sheriff of the county of Penobscot, on a writ dated April 3, 1857, in favor of John M. Barnard & al. *v.* Samuel B. Field. On the 13th of the same April, the defendant caused the goods, thus attached, to be appraised under the provisions of c. 114, §§ 53 to 56, of the R. S. of 1841, and, on the 17th of the same month, said goods were sold by the defendant.

The plaintiffs claim title by virtue of a mortgage from Samuel B. Field, to themselves and others, dated January

15, 1857, and recorded January 16, 1857, duly accepted by the plaintiffs, which mortgage contains this condition:—

"Provided nevertheless, that if the said Samuel B. Field, his heirs, executors or administrators, shall well and truly pay to the said grantees, their heirs, executors, administrators or assignees, all his *indebtedness to each of them by note, account or otherwise*," then, &c.

This mortgage was made subject to a mortgage to Benson and Fuller, dated January 14, 1857, and recorded the same day, to secure to them all the mortgager's "indebtedness, or where they, or either of them, have indorsed notes for me," &c.

Both mortgages were recorded in the office of the city clerk of the city of Bangor.

The case was referred to the presiding Judge with the right to except by either party.

As the foundation of their mortgage, the plaintiffs introduced in evidence two notes given by Samuel B. Field, and payable to his own order at either bank in Bangor, which were indorsed by said Field. The first note was dated Sept. 16, 1856, for $314,33, on 4 months; the second was dated Nov. 14, 1856, for $229,96, on 4 months. These notes had both been indorsed by the plaintiffs.

James Treat, one of the plaintiffs, testified that, at the date of plaintiffs' mortgage, both the above notes were held by the Kenduskeag Bank of Bangor, having been discounted for the plaintiff in the regular course of banking business, and that he took up the first the day after it became due at said bank, and subsequently took up the other, and that nothing has been paid on them.

On behalf of the defendant, several legal propositions were presented to the Court, to be decided as matters of law, which were overruled. Of these rulings, as matters of law, the defendant now complains. The propositions referred to appear in the report of the case.

The first proposition was rightly overruled. The notes having been originally given to the plaintiffs, and having

been indorsed by them, and discounted for their benefit and accommodation, constituted a continued contingent indebtedness from Field to them, so long as their liability continued thereon. *Mace* v. *Wells*, 7 How., 272 ; *Fulwood* v. *Bushfield*, 2 Harris, 90 ; *French* v. *Morse*, 2 Gray, 111 ; *Dole* v. *Warren*, 24 Maine, 94 ; *Sargeant* v. *Salmond*, 27 Maine, 539 ; *Thompson* v. *Thompson*, 19 Maine, 244 ; *Howe* v. *Ward*, 4 Maine, 195.

The second proposition has reference solely to matter of fact, which was submitted to and decided by the Judge acting in the place of a jury. His decision upon such matter of fact is not open to revision or exceptions.

The third proposition presents the consideration whether the defendant, in the attachment and sale of the mortgaged stock of goods, interfered with, or trespassed upon the then existing legal rights of the plaintiffs, without authority, and to their prejudice.

At that time the plaintiffs had an existing right to redeem from the first mortgage. Had the goods been sold under that mortgage there would have been a surplus which the second mortgagees could legally have appropriated in payment of their debt. Of this right the defendant, by his interference, deprived them. The case is unlike that of *Clapp* v. *Glidden*, 39 Maine, 448. In that case the title under the first mortgage had become absolute, before the act of conversion occurred. The title of the second mortgagees had, therefore, become extinct when the act was performed of which complaint was made. Not so here.

The rights of the first mortgagees, as presented by the fourth proposition, were to hold the goods as security to the extent of their claim under their mortgage. Until they had foreclosed their mortgage, there was an equity of redemption existing, available in the first instance, to the second mortgagees, and, then, to the mortgager. This equitable right was destroyed by the defendant. He is, therefore, liable in damages to the plaintiffs for that destruction, so far as they have thereby been injured.

But the Judge erred in the rule of damages. The appraisal was a transaction between Field and his creditors, under whose authority the goods were attached and sold by the defendant. To that transaction, the plaintiffs in this suit were strangers, and were, therefore, not bound by it, as matter of law. For this reason, the exceptions must be sustained and a new trial granted.

TENNEY, C. J., APPLETON, CUTTING, MAY and KENT, JJ., concurred.