## Stephen Blain et al.
## v.
## Mary Foster.

*Chattel Mortgages—Conditions—Sale—Trover—Tender.*

1. To maintain trover the plaintiff must at the time of the conversion have, as against the defendant, a right of property in the chattel converted, and the actual possession or right to possession thereof.

2. In equity, where a tender is made by a mortgagor of the amount due after default in the payment, the same must be kept good in order to discharge the mortgage.

3. At law such tender does not operate to revest the title in the mortgagor so as to enable him to recover. The mortgagee is not bound to receive the amount due and restore the property.

4. This court holds as erroneous a judgment in behalf of the plaintiff in an action of trover brought to recover the value of certain property alleged to have been converted by the defendants to their own use upon the ground that the same included the value of property mortgaged, they as mortgagees being rightfully in possession thereof under the terms of the instrument.

[Opinion filed June 14, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Frank Baker, Judge, presiding.

Messrs. B. M. Shaffner and G. W. Woodbury, for appellants.

Mr. Fred. S. Moffett, for appellee.

GARNETT, P. J.  Appellee sued appellants in trover to recover the value of certain personal property, which she alleged belonged to her and was converted to their own use by appellants.  There is no dispute that in the fall of 1886 she executed to the appellants two chattel mortgages on the property in question (excepting a small part thereof); that about March 1, 1887, the mortgagees, with the consent of the mortgagor, took possession of the same, placing it in a warehouse, where it remained until June 10, 1887, and that they, several months later, sold for less than the amount due and costs, substantially, all the property covered by the mortgages.  The sales were made in pursuance of powers given in the mortgages.

To maintain trover the plaintiff at the time of the conversion must have as against the tort feasor a right of property in the chattel converted, and the actual possession, or right of possession thereof.  Cooley on Torts, 442–443; Owens v. Weedman, 82 Ill. 409.

To meet this established rule appellee endeavored to prove that she made a tender to the appellants of the amount due them.  Conceding that the form and amount of the tender were sufficient (which is by no means clear) the fact remains that it was not made until after default in payment.  At the time appellee claims to have made the tender all the debt secured by one of the mortgages was due by the terms thereof, and the debt secured by the other was partly due by its terms, and the balance had become due by the exercise of the option given to the mortgagees.

No effort was made to prove that the alleged tender was kept good, nor was the money brought into court.  If appellee's contention on this point is correct the result is that appellants have lost their security by means of the discharge of the mortgage, effected by the tender, which is now of no avail to them.  The rule in equity governing such cases in this State is, that when the tender is made after default in payment it must be kept good in order to discharge the mortgage.  Crain v. McGoon, 86 Ill. 431.

At law the rule seems to be more favorable to appellants.

Jones, in his work on Chattel Mortgages, Sec. 632, says: "At common law a tender made after forfeiture does not operate to revest the title in the mortgagor, so as to enable him to recover at law. The mortgagee is not bound at law to receive the amount due and restore the property. If the mortgagor has any right it is merely an equitable right of redemption." But if we apply the equitable rule as above announced, it is a complete defense for appellants so far as the mortgaged goods are concerned. If the tender was not effectual to release and discharge the mortgage it is obvious that the right of the mortgagees to the possession was not divested. If the mortgagees were entitled to the possession, the mortgagor could have had no right of possession and so could not maintain trover for the goods mortgaged. The amount of the recovery was for a much larger sum than the value of the property not included in the mortgage, which appellee claims was converted by appellants. If the property was converted by them upon which they had no lien, appellee may have a right of action in trover for the value thereof, but the judgment appealed from includes the value of the property mortgaged, and is therefore erroneous.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*