# Charles E. Frankenthal et al. v. Levy Mayer et al.

1. CHATTEL MORTGAGES—*Rights of the Parties After Possession Taken.*—After default and possession taken by a mortgagee of personal property, the legal title is vested and he can maintain an action at law for a seizure or an injury done to such property. But the mortgagor retains an interest in the goods until divested thereof by sale under the provisions of the mortgage, or by lapse of time his right of redemption is lost.

2. SAME—*Rights of the Parties at Common Law.*—By the old common law, a mortgage of personal property gave an absolute title to the mortgagee on breach of condition. No process of foreclosure was necessary, and there was no right of redemption.

3. MORTGAGES OF REAL PROPERTY.—*Legal Estates Vested in Mortgagee.*—In respect to mortgages of real property at common law, the legal estate vested in the mortgagee and was forfeited upon default; equity established the right of redemption after default.

4. SAME—*At Law and in Equity—Injury to Reversion.*—A mortgage of land is one thing at law and another in equity; at law it is an estate, in equity it is but a security. Notwithstanding this, a mortgagor of lands may maintain an action at law for an injury to his reversion.

5. MORTGAGES—*Mere Securities.*—The law courts now recognize mortgages of all kinds as mere securities. The title may be differently regarded and treated in different forums, but until foreclosure the mortgagor has an interest in the property which is recognized at law as well as in equity.

6. SAME—*The Modern Doctrine.*—While courts frequently speak of the title of the mortgagee being absolute after default, it is not to be understood that the ownership is absolute. Nowhere is it now held that upon forfeiture the mortgagee may dispose of the property without reference to the interests of the mortgagor.

7. REVERSION—*Injury to the, etc.*—The action of case is a proper proceeding for an injury to property when the interest in it is in reversion. Such action is an appropriate remedy for a mortgagor when property has been injured while in the possession of the mortgagee.

8. ACTIONS—*Upon the Case—Requisites.*—Actions upon the case do not depend upon the holding by the plaintiff of a legal estate in the thing for an injury to which the action is brought. Where the fraudulent conduct of a party occasions injury to the private rights of another he is responsible in damages.

9. CASE—*Action of, When it Lies.*—When the mortgagee of personal property has, after default, taken possession of the goods for the purpose of foreclosure, the mortgagor can maintain an action of case against a third party, who without right and with violence takes such property from the possession of the mortgagee, against his will.

Memorandum.—Action on the case for goods wrongfully taken. Error to the Superior Court of Cook County; the Hon. JOHN BARTON PAYNE, Judge, presiding. Heard in this court at the March term, 1894. Reversed and remanded. Opinion filed April 19, 1894.

The opinion states the case.

TENNEY, CHURCH & COFFEEN, attorneys for plaintiffs in error.

T. A. MORAN, attorney for defendants in error.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The question here presented is, when the mortgagee of personal property has, after default, taken possession of the goods for the purpose of foreclosure, can the mortgagor maintain an action of case against a third party, who without right and with violence takes such property from the possession of the mortgagee, against his will, the value of the goods being largely in excess of the amount of the mortgage? It is said that after default and possession taken by a mortgagee of personal property, the legal title to such property is vested in the mortgagee, and that he alone can maintain an action at law for a seizure of or an injury done to such goods. That the legal title of goods mortgaged, is, after breach of condition, vested in the mortgagee, is announced in numerous cases. Pike v. Calvin, 67 Ill. 227; Simmons v. Jenkins, 76 Ill. 479; Whittemore v. Tircher, 137 Ill. 243; Blain v. Foster, 33 Ill. App. 297.

Nevertheless, the mortgagor retains an interest in the goods until divested thereof by sale under the provisions of the mortgage, or by lapse of time his right of redemption has been lost. McConnell v. People, 84 Ill. 583; Jones on Chattel Mortgages, Secs. 682, 687 and 688; Waite v. Dennison, 51 Ill. 319–323; Whittemore v. Fisher, 132 Ill. 243 and 256.

By the old common law, a mortgage of personal property gave an absolute title to the mortgagee on breach of

condition. No process of foreclosure was necessary, and there was no right of redemption. Jones on Chattel Mortgages, Sec. 681; Taber v. Hamlin, 97 Mass. 489; Burtis v. Bradford, 122 Mass. 127.

In respect to mortgages of real property, also, the legal estate vested in the mortgagee and was forfeited upon default; equity established the right of redemption after default. Jones on Mortgages, Vol. 2, Sec. 11.

A mortgage of land is one thing at law and another in equity; at law it is an estate, in a court of chancery it is but a security.

Notwithstanding this, a mortgagor of lands may maintain an action at law for an injury to his reversion. Jones on Mortgages, Sec. 664.

The law courts, following the rule first set up in equity, have come to recognize mortgages of all kinds to be exactly what they are—mere securities. The title may be differently regarded and treated in different forums, but the actual fact that until foreclosure has in some way been had, the mortgagor has an interest in the property, is recognized at law as well as in equity.

While courts have and do frequently speak of the title of the mortgagee being, after forfeiture, that is after default, absolute, they do not mean that the ownership of the mortgagee is absolute. Nowhere is it now held that upon forfeiture, the mortgagee may sell the property, give it away, or destroy it without reference to or consideration for any right or interest of the mortgagor. Waite v. Dennison, supra; Phares v. Barbour, 49 Ill. 370; Hungate v. Reynolds, 72 Ill. 427; Cobbey on Chattel Mtgs., Sec. 937; Jones on Chattel Mtgs., Sec. 682; Dupuy v. Gibson, 36 Ill. 197; Story's Eq. Juris., Sec. 1031; Treat v. Gilmore, 49 Me. 34.

The action of case is a proper proceeding for an injury to property when the interest in it is in reversion. Chitty's Pleadings, title, Action on the Case.

Such action is an appropriate remedy for a mortgagor when property has been injured while in the possession of the mortgagee. Woodside v. Adams, 40 N. J. Law, 417, 422, 424, 426; Jackson ads. Turrell, 39 N. J. L. 329, 333;

Jones on Chattel Mortgages, Sec. 683; Leach v. Kimball, 34 N. H. 568; Russell v. Butterfield, 21 Wend. 300; Schalk v. Kingsley, 42 N. J. Law, 32.

It is urged that after default the mortgagor has no legal estate whatever, and that the law knows no such thing as the remainder or reversion of a chattel.

Doubtless this was once the rule. It is unnecessary to discuss whether a right of reversion may or may not exist in a chattel, or whether any legal estate remains in the mortgagor after condition broken.

In this action we are not called upon to consider where the legal estate in the mortgaged goods is, but, a valuable pecuniary interest in them existing in the mortgagor, the question is, can he maintain an action upon the case against one who willfully destroys them?

Actions upon the case do not depend upon the holding by the plaintiff of a legal estate in the thing, for an injury to which the action is brought. Chitty's Pleadings, title, Actions on the Case; Yates v. Joyce, 11 Johnson, 136; Schalk v. Kingsley, *supra;* Newman v. Tymeson, 13 Wis. 191.

As is stated in Yates v. Joyce, *supra,* " It is a sound principle that where the fraudulent conduct of a party occasions injury to the private rights of another, he shall be responsible in damages for the same."

We are therefore of the opinion that the demurrer to the declaration filed in this case should have been overruled.

The judgment of the Superior Court is reversed and the cause remanded.