THE WHEELER & WILSON MANUFACTURING COMPANY

*v.*

MARGARET BARRETT.

*Opinion filed April 21, 1898.*

1. TRIAL—*order of admission of evidence rests largely with trial court.* The order in which evidence may be introduced rests largely with the trial court, and its discretion in that behalf will not be reviewed on appeal, in the absence of abuse.

2. SAME—*defendant cannot open his defense by interrogating plaintiff's witness as his own.* Except by consent of parties and permission by the court a defendant cannot, on cross-examination of plaintiff's witness, open up his defense by interrogating such witness in chief.

3. SAME—*defendant must wait until plaintiff rests before offering evidence.* Where, in an action on the case against a sewing machine company for wrongfully taking the plaintiff's machine, the plaintiff shows an oral contract of purchase from the defendant, a written contract lease of the machine, produced by the defendant and handed to the plaintiff for identification on cross-examination, is properly excluded until the plaintiff has rested.

4. SAME—*motion to exclude, made before plaintiff has rested, is properly denied.* A motion to exclude plaintiff's oral testimony concerning a contract, upon the defendant producing a written contract claimed by him to be the contract of the parties and which the plaintiff identifies on cross-examination, is properly denied when made while the plaintiff's cross-examination is still in progress.

*Wheeler & Wilson Manf. Co.* v. *Barrett,* 70 Ill. App. 222, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

D. F. FLANNERY, for appellant.

GEORGE E. SWARTZ, for appellee.

Mr. JUSTICE CRAIG delivered the opinion of the court:

This was an action of trespass on the case, brought by Margaret Barrett, against the Wheeler & Wilson Manufacturing Company. The declaration contained but one

count, in which it was alleged that plaintiff was the owner and possessed of a Wheeler & Wilson sewing machine, numbered 13,689, of the value of $75, and defendant, well knowing the premises, but wrongfully, willfully and maliciously contriving and intending to injure plaintiff and deprive her of the use and enjoyment of her said property, and to injure and damnify her in her credit and circumstances, on, etc., at, etc., wrongfully, willfully and maliciously, and without any reasonable or probable cause whatsoever, instituted and caused to be instituted replevin proceedings before a justice of the peace in and for said county against plaintiff, and made and caused to be made before said justice of the peace an affidavit falsely stating that said sewing machine was the property of the Wheeler & Wilson Manufacturing Company and unlawfully detained by plaintiff, and thereupon defendant caused to be issued by said justice of the peace, in said suit, a replevin writ, and levied and caused to be levied said writ upon said sewing machine of plaintiff, and took and caused to be taken said machine from the possession of plaintiff, and afterwards, on August 4, 1891, said replevin proceedings were dismissed on motion of the plaintiff therein.   To the declaration the defendant pleaded the general issue, and on a trial the jury returned a verdict for $1500 in favor of plaintiff, upon which the court entered judgment.   The defendant appealed to the Appellate Court, where a *remittitur* of $1200 was entered and judgment affirmed for $300, to reverse which this appeal was taken by the defendant.

On the trial in the circuit court the plaintiff testified in her own behalf, and called two other witnesses, Mary Barrett, her daughter, and Mrs. Seaman.   From the evidence of these three witnesses it appeared that on the first day of June, 1888, one Gleason, who was a solicitor or agent for the Wheeler & Wilson company, called at plaintiff's house, and after considerable negotiation sold her a new machine for the sum of $60.   The agent re-

WHEELER & WILSON CO. *v.* BARRETT.

ceived in payment from plaintiff two old machines at an
agreed price of $22.50, and the balance of the purchase
money was to be paid from time to time, in installments
of such amounts as plaintiff might be able to pay. It
also appeared from receipts introduced in evidence that
the machine was fully paid for. It was also proven that
on July 13, 1891, the appellant commenced an action of
replevin against appellee, and took the machine from her
under a writ of replevin. When, however, the case was
called for trial it was dismissed by the plaintiff in the
action, but the machine was never returned.

On the trial in the circuit court appellant introduced
no evidence whatever, but on cross-examination of the
appellee counsel for appellant brought out the fact that
at the time of the purchase of the sewing machine by her
a paper was signed purporting to be a lease. This paper
being in the possession of appellant, it produced the same
and had appellee identify it. Appellant then offered the
paper in evidence, and moved to strike out all the evi-
dence of the appellee as to what took place at the time
it was executed. Counsel for appellee objected to the
introduction of the paper, on the ground that it was not
proper cross-examination. The court refused to admit
the paper at that time, and this ruling of the court is re-
lied upon as errror. The paper in question was as follows:

"WHEELER & WILSON MANUFACTURING CO.,
185 *and 187 Wabash Ave., Chicago.*

"$60.00.  *June 1st, 1888.*

"Received of the Wheeler & Wilson Manufacturing Company
one Wheeler & Wilson sewing machine, style No. 9 D. A. A.,
plate No. 13,689, with its parts, as follows: 1 hemmer, 1 dozen
needles, 1 quilting gauge, 1 tuck gauge, 1 ordinary glass, 1 tuck-
ing glass, 1 corder glass, 1 braider glass, 4 bobbins, 1 needle
wrench, 1 emery wheel, 1 black wrench, 1 oil can, 1 screw driver,
1 thumb screw, 1 throat plate,—to be returned to them on de-
mand, and until such demand I agree to pay them for the use
thereof ten dollars in hand and five dollars per month while I
keep the same, payable at the office of the Wheeler & Wilson
Manufacturing Company, 185 and 187 Wabash ave., Chicago,

Ill., on the same day of each month following the above date, and agree to take good care of the same while in my custody, and not to remove it from my residence, No. 303 South Halsted street, without their written consent first had and obtained.

"No one is authorized to make any contract or verbal promise differing from that written and printed on the face of this lease.

MICHAEL BARRETT.

"Read the above and below before signing.

"Any promise or agreement made by any one different from that written or printed in this lease will not be recognized.

WHEELER & WILSON MANF. CO.

Witness:   M. J. GLEASON."

Where two contracting parties have reduced the terms and conditions of their contract to writing, the rule is a familiar one that parol evidence is not admissible to contradict, change or vary the written contract; but where a written contract has been executed, in the absence of fraud and circumvention, the rights of the parties must be determined by it. We do not, however, understand that the question whether the parties to this record shall be controlled by a parol contract or a written contract is presented for determination by this record. Here the plaintiff claimed that she had purchased a sewing machine of the Wheeler & Wilson company for $60; that she had paid $22.50 in two old machines, and the balance she was to pay in installments; that the full amount had been paid. She had the right to establish the purchase of the machine by parol evidence. This she did by the testimony of herself and two other witnesses. The defendant company claimed that plaintiff did not purchase the machine and never owned it; that she had merely taken a lease of the machine, and held it as a lessee and not as a purchaser. If such was the fact, that was a matter for the defendant to establish by the evidence after plaintiff had closed her case and defendant was introducing its evidence to meet the case made by the plaintiff. If the defendant, after plaintiff had closed her case, had offered the lease in evidence, and showed that the lease was the contract entered into by and between

the parties in regard to the machine, it would have been error if the court had refused to admit the paper in evidence. But no such offer was made. Indeed, after the plaintiff closed her case the defendant offered no evidence whatever. Here the defendant undertook to read in evidence the lease on cross-examination of the plaintiff. This, where objection was interposed, it had no right to do,—at least it was a matter in the discretion of the court. Thompson on Trials (sec. 434) lays down the rule that a defendant cannot, by cross-examining a witness for plaintiff, except by consent of parties and permission of the court, open up his own defense by interrogating the witness as his own witness. The order in which evidence may be introduced rests, in many cases, in the discretion of the court, and where the discretion has not been abused, this court, on appeal, will not interfere. Here the defendant had ample opportunity to introduce its lease after the plaintiff had closed her case, and, as it was its own fault that the lease was not introduced, it has no just ground now to complain.

It is also claimed that appellee failed to prove that the machine taken on the writ was the same one purchased of the company. The record contains ample evidence tending to prove the identity of the machine, and the judgment of the Appellate Court affirming the finding of the circuit court may be regarded as conclusive of that question.

The instructions, under the evidence, were substantially correct. As to the judgment being excessive, that was corrected by the *remittitur* in the Appellate Court.

So far as is shown by the record no substantial error appears, and the judgment of the Appellate Court will be affirmed.        *Judgment affirmed.*