## Z. Alexander v. Julia Meyenberg.

### Gen. No. 10,933.

1. MORTGAGED CHATTELS—*where title to, stands upon default of mortgagor.* Upon the default of a chattel mortgagor to pay at maturity, the legal title to the mortgaged chattels becomes absolutely vested in the chattel mortgagee, and a subsequent tender of the amount due under such mortgage does not operate to revest the title in such mortgagor.

2. TROVER—*what essential to maintain.* In order to maintain trover or any action at law for the possession or the value of chattel property, it is essential that the plaintiff be the holder of the legal title thereto.

3. CHATTEL MORTGAGOR—*remedy of, against chattel mortgagee, where the title to chattel property involved is in the latter.* In such case the sole remedy of the chattel mortgagor is by bill to redeem.

Action commenced before justice of the peace. Appeal from the Circuit Court of Cook County; the Hon. RUSSELL P. GOODWIN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1902. Reversed. Opinion filed February 13, 1904. Rehearing denied March 4, 1904.

Statement by the Court. This is a suit begun before a justice by appellee to recover the value of a piano alleged to have been wrongfully converted by appellant. She recovered both before a justice and in the Circuit Court, the judgment appealed from being for $145.

Appellant, who is in the business of loaning out moneys of others on personal property, loaned $130, belonging to one Ben Myers, to appellee and her husband in December, 1898, taking as security a chattel mortgage to Myers on the piano in question and other property. The loan matured June 14, 1899, but nothing was paid. To prevent a threatened foreclosure, it was arranged that appellant should take the piano into his possession, and this was done upon appellee's husband giving him the following order:

"MR. Z. ALEXANDER & Co.:
Please call and get piano No. 3325, Hartman & Co., New York, mahogany case and stool, to place same in storage for all claims and hold against me until liquidated."

Thereafter, appellee paid on account of said loan $100, and in June, 1900, tendered appellant $60.14, which she claimed to be the balance due. Later on, another tender was made, but appellant refused to accept either, and said he had sold the piano. Appellee then brought this suit.

SAMUEL A. ETTELSON, for appellant.

MORSE IVES and GEORGE I. HAIGHT, for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

That appellant came into lawful possession of the piano is not disputed. Appellee was in default and he had a right, as agent for the mortgagee, to take the piano even without the order. Upon appellee's failure to pay at maturity, the legal title to the piano became absolutely vested in Myers, the mortgagee. Simmons v. Jenkins, 76 Ill. 479; Whittemore v. Fisher, 132 Ill. 243. The legal title not being in appellee, she cannot maintain trover or any action at law for the possession or value of the property. Nor did the unaccepted tender operate to revest the title in her. Blain v. Foster, 33 Ill. App. 298. Her interest was equitable only, and her sole remedy was by a bill to redeem. Frankenthal v. Meyer, 55 Ill. App. 405.

That the law is as above stated, is tacitly conceded by her counsel; but they claim that the mortgage was con-

verted into a pledge by the taking of the order, which they say was the making of "a new arrangement," and that therefore appellee had a right to bring her action at law. Without passing upon this contention, it is sufficient to say that the mortgage was not superseded or extinguished by the order and the turning over of the piano to appellant. On the contrary, it clearly appears that the order was given under and in pursuance of the mortgage simply to prevent a foreclosure. There was no consideration for the supposed new arrangement. Without it Myers was entitled to reduce the piano into his possession.

The judgment is reversed.

*Reversed.*