## Albert C. Banker, Appellee, v. J. Marion Miller et al., Appellants.

### Gen. No. 14,883.

1. TROVER—*what essential to maintain.* In order to maintain trover the plaintiff must have a right of property in the chattel converted at the time of the conversion and the actual possession or the right to possession thereof.

2. TROVER—*when mortgagor cannot maintain.* A mortgagor after default and the taking of possession by the mortgagee has neither title, actual possession or right to possession, such as will enable him to maintain trover.

Action on the case. Appeal from the Municipal Court of Chicago;

the Hon. JOHN H. HUME, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1908.   Reversed with finding of facts.   Opinion filed February 15, 1910.

JOHN M. HUMPHREY, for appellants.

HOWARD AMES, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

Plaintiff, Albert C. Banker, recovered a judgment in the Municipal Court of Chicago against defendants, J. Marion Miller and Nicholas E. Ford, for $750. This appeal is prosecuted by the defendants.

The evidence shows that on December 28, 1907, the plaintiff executed to the defendant Miller his promissory note for $1,000, payable six months after date, and secured the same by a chattel mortgage on property located on the second floor at Nos. 1424 and 1426 Michigan avenue, Chicago. The mortgage contained the usual insecurity clause, providing, among other covenants, that in case the mortgagee or his assigns should feel insecure or unsafe, or in case of diminution, removal or waste, or if the mortgagor sell or attempt to sell, or if any writ should be levied on the property or any part thereof, the note, at the option of the mortgagee or his assigns, should become due and payable, they should have the right to take possession of the property and remove, sell and dispose of the same.

Shortly after the execution of the mortgage the Chicago Wind Shield Company levied an attachment on the property covered by the mortgage for a debt of the mortgagor, and a custodian was put in charge of the property under the attachment.

Miller, the mortgagee, then exercised his option, and declared the debt and note secured by his mortgage due, took possession of the property and put one Durant in charge of it as his custodian. The attachment was subsequently defeated, but a judgment was

recovered against Banker. Other actions were in-
stituted against Banker and judgments were rendered
against him in some of them. Banker, the mortgagor,
attempted to sell, and sold some of the property. Dur-
ing the time the property was thus held by the mort-
gagee, Miller, he sold and assigned the note and mort-
gage for value to defendant Ford.

On March 28, 1908, Banker, the mortgagor, executed
and delivered to Ford the following instrument:

"I hereby agree to waive notice of sale under a
certain chattel mortgage executed by me to J. Marion
Miller Dec. 28, 1907, and assigned to Nicholas E. Ford,
and agree that the sale may be had on the sixth day of
April, 1908."

March 30, 1908, Ford removed the property to a
warehouse for storage, and on April 6, 1908, sold it
at public auction to the highest bidder. Banker was
present at the sale and made no objection or protest.
On the contrary he requested certain parties to attend
the sale and bid on the property. The net proceeds
of the sale were endorsed on the note as a payment,
and Banker was notified of that fact.

From a careful examination of the evidence we are
of the opinion that there was a good and valuable con-
sideration given by the defendant Miller for the note
and mortgage, and that they were executed and de-
livered by the plaintiff freely and with a full knowl-
edge of all the facts. We think the evidence wholly
fails to establish any fraud or conspiracy, as averred
in the declaration, in procuring the plaintiff's execu-
tion of those instruments, or in the subsequent fore-
closure of the mortgage and sale of the property.
Upon the theory, then, that the gist of the action as
set out in the amended declaration is fraud and con-
spiracy in procuring the execution of the note and
chattel mortgage, the clear preponderance of the evi-
dence is against the plaintiff and he cannot recover.

We think, however, the action is in trover for the
conversion of goods and chattels, and the plaintiff

cannot recover for the reason that in order to maintain trover the plaintiff, as against the defendant, must have a right of property in the chattel converted, at the time of conversion, and the actual possession, or the right of possession thereof. Cooley on Torts, 442-443; Owens v. Weedman, 82 Ill. 409; Blaine v. Foster, 33 Ill. App. 297; Frankenthal v. Meyer, 55 *id.* 405; Alexander v. Meyenberg, 112 *id.* 223. The plaintiff, after default and the taking of possession by Miller under the mortgage, had neither title or actual possession or the right to possession of the property in question.

The judgment is therefore reversed with a finding of fact.

*Reversed.*