STATE BANK OF OMAHA, APPELLANT, v. MILTON C. MURPHY ET AL., APPELLEES.

FILED JUNE 27, 1923.    No. 22403.

1. **Chattel Mortgages:** DESCRIPTION OF CHATTEL: QUESTION FOR JURY. Whether the description of a motor-truck set out in a chattel mortgage, together with other inquiries which the contract itself suggests, is sufficient to enable third persons to identify the property was, under the evidence in this case, a question of fact for the jury.

2. **Replevin:** DAMAGES. Where property replevied and delivered to plaintiff has a value on account of the use to which it may be put, other than its value for sale or consumption, the defendant, if successful, may recover the value of the use of the property during the time it was unlawfully withheld from him under the writ.

3. ———: ———: INTEREST. In an action of replevin, a plaintiff who wrongfully seized an automobile truck under the writ is liable for interest on its adjudicated value from the time of the seizure until he returns it or pays for it, where the net usable value is not shown by the evidence.

APPEAL from the district court for Lincoln county:

HANSON M. GRIMES, JUDGE. *Reversed and remanded, with directions.*

*James T. Keefe,* for appellant.

*Halligan, Beatty & Halligan, George N. Gibbs* and *Kennedy, Holland, De Lacy & McLaughlin, contra.*

Heard before MORRISSEY, C. J., LETTON, ROSE and DEAN, JJ., BEGLEY, District Judge.

BEGLEY, District Judge.

Plaintiff brought this action in replevin to recover possession of a Model 11, 1½-ton Republic motor-truck, No. 6609, by virtue of a chattel mortgage which it claimed to have thereon, but which described it as "Model 11, 1½-ton Republic truck, No. 1609," instead of No. "6609." Defendants Murphy & Murphy claimed to be the owners by virtue of having purchased the truck from a retail dealer for full value, in good faith, and without notice of any claims thereon by other persons by virtue of a chattel mortgage or otherwise. The intervener claimed to be entitled to possession by virtue of a chattel mortgage executed by defendants, Murphy & Murphy, which correctly described the truck. The jury found its value to be $1,500; that the right of property and right of possession at the commencement of the action were in defendants and intervener, and that Murphy & Murphy had sustained damages in the sum of $1,200 by reason of being deprived of the use of the truck. From a judgment on the verdict, plaintiff has appealed.

Plaintiff's chattel mortgage was filed for record prior to the purchase of the truck by defendants and the execution of the chattel mortgage held by intervener. A question litigated in the lower court was whether the description in plaintiff's mortgage was sufficient, aided by inquiry which the mortgage itself suggested, to charge defendants and intervener with notice that plaintiff's mortgage covered Model 11, Republic truck No. 6609, instead of No. 1609. This question was submitted as a

question of fact for the determination of the jury.
Plaintiff contends this was error, in that the evidence
was so conclusive that the court should have determined
the question in its favor as a matter of law—citing
*Crancer Co. v. Cooper,* 100 Neb. 335.

The evidence discloses that C. M. Trotter was a retail
dealer in Republic trucks at North Platte, and, to se-
cure part of the purchase price of a shipment of auto-
mobiles and trucks, he executed the mortgage held by
plaintiff upon six automobiles and three Model 11, 1½-
ton Republic trucks, serial numbers 1609, 1614, and 1622;
and that at said time he had four Model 11, 1½-ton Re-
public trucks in stock. The correct serial numbers of the
four trucks are not shown, except the three numbers set
out in the mortgage. Trotter, having become deeply in-
volved financially, absconded. It is a matter of common
knowledge that trucks and automobiles are made in
serial or factory numbers and the serial number is the
usual method of identification. A truck is required to
be registered and sold under this number, and a penalty
is provided by law for altering or obliterating the num-
ber. Comp. St. 1922, secs. 8365, 8375, 9618-9621. Where
the models are the same, the only means of identification
is the serial number. Whether the truck embraced in
plaintiff's chattel mortgage could be identified by the
description contained in the mortgage, aided by in-
quiry which the mortgage itself suggests, was properly
submitted as a question of fact.

The second error assigned is that the evidence is
insufficient to sustain the judgment in favor of de-
fendants for $1,200 by reason of being deprived of the
use of the truck in controversy from the date of the
seizure until the date of the verdict. There was some
evidence offered by defendants as to the reasonable
rental value of the truck per day during the seven months
it was detained by plaintiff. The rule is that, where
the property replevied and delivered to plaintiff has

a value on account of the use to which it may be put, other than its value for sale or consumption, the defendant, if successful, may recover the value of the use of the property during the time it was unlawfully withheld from him under the writ. *Schrandt v. Young,* 62 Neb. 254; *Blodgett v. Rheinschild,* 56 Cal. App. 728. However in the case of an automobile, there is a depreciation during use which lessens its value materially. The plaintiff, under its replevin bond, if unsuccessful, is required to redeliver the property to defendants without depreciation. *Wallace v. Cox,* 100 Neb. 601. To charge the plaintiff for the reasonable rental value of the property without deducting for depreciation and also to collect damages for depreciation from plaintiff on redelivery of the property would be exacting double damages. In the case of *Puckett v. Hopkins,* 63 Mont. 137, it was held that the measure of damages for wrongful detention of an automobile is the net usable value of the car, less depreciation which would have ensued from its use during its detention, and that an instruction which failed to so limit the measure of damages was erroneous. No such instruction limiting damages was given in this case, nor is there any evidence as to the net usable value of the car, less depreciation, during the period it was withheld from defendants. The evidence will not sustain a verdict for damages in the sum of $1,200 for loss of the usable value of the truck.

On account of the error in entering judgment on the verdict for $1,200 as damages sustained by Murphy & Murphy, because they were deprived of the use of the truck, the judgment below is reversed.

In view of the failure of proof relating to damages resulting from the wrongful conduct of plaintiff in procuring the writ of replevin, by which defendants were deprived of the use of the truck, the trial court, on the verdict of the jury, should have adjudged that defendants have a return of the truck and, for the wrongful de-

tention, damages equivalent to the interest on the valuation of $1,500 at the rate of 7 per cent. per annum from June 7, 1920, to the date of the return; or, in case a return cannot be had, that defendants recover of plaintiff $1,500 with interest thereon at the rate of 7 per cent. per annum from the date of the wrongful seizure, June 7, 1920, to the date of the rendering of judgment, July 22, 1921; that defendants, as a condition of overruling the motion for a new trial, remit from the verdict the award of $1,200, less interest at the rate of 7 per cent. per annum on $1,500 from June 7, 1920, to the date of the rendering of the judgment, July 22, 1921; that, in case defendants refuse to file said remittitur, a new trial be granted. For the purpose of entering such a judgment on the verdict the cause is remanded to the district court.

REVERSED AND REMANDED, WITH DIRECTIONS.