**National Contract Purchase Corporation, Appellant, v. Harry E. McCormick and John Doe, Appellees.**

**Gen. No. 35,601.**

MATCHETT, J., dissenting.

Opinion filed December 28, 1931. Rehearing denied January 22, 1932.

WALTER A. MYER and HOFFMAN & JAFFE, for appellant.

SCHOFIELD & WOOD, for appellees; FRANK SCHOFIELD and DAVID H. KRAFT, of counsel.

MR. JUSTICE McSURELY delivered the opinion of the court.

This is an action of replevin wherein plaintiff sought recovery of a Chandler automobile. The car was taken under the writ from the defendant McCormick. The case was tried by the court, without a jury, upon a stipulation as to virtually all the facts except as to the measure of damages. The court found the right of property in the defendant and assessed his damages against the plaintiff at $6,120. Plaintiff appeals.

It is first contended that under the pleas filed the writ of *retorno habendo* could not properly issue.

Defendant first filed three pleas—*non cepit, non detinet,* and, in the third plea said that the goods mentioned in the declaration were the property of defendant and not of the plaintiff, and asked that he have return of the goods and damages as provided by the statute. Fourth and fifth pleas were filed setting forth the claim of usury in connection with a loan made by plaintiff to defendant secured by a chattel mortgage upon the car in question. Plaintiff correctly says that where only pleas of *non cepit* and *non detinet* are filed and the issues are found for defendant, the defendant takes nothing but costs, as these pleas admit property in the plaintiff and only traverse the allegation of taking and detaining. *Rohe v. Pease,* 189 Ill. 207.

Plaintiff admits the sufficiency of the third plea to sustain the right of *retorno habendo,* but says that if defendant's theory is sustained it can only be sustained under the plea of usury, which must be specially pleaded, and that the fourth and fifth pleas do not incorporate any of the allegations set forth in defendant's third plea and do not deny the right of property in plaintiff; and that, as each plea must stand by itself

and form a distinct issue and evidence cannot be given under one plea to sustain another, when the trial court sustained the plea of usury it could do no more than hold that plaintiff was not entitled to maintain its replevin suit and could not order a return of the property or impose damages. We are of the opinion this misconceives the purpose of the usury pleas in this action.

The statute, which requires that the defense of usury should be pleaded, provides that the person relying upon such defense shall set up the same by plea, ''or file in the cause a notice in writing'' stating the nature of his defense. Defendant's third plea went to the whole cause of action, and the usury pleas should be considered simply as notices in writing apprising the plaintiff of the nature of the defense which would be offered to support the third plea. Indeed, we are not so sure but that evidence of usury would be admissible without pleading it in a case of this sort; but however this may be, it is merely notice that the plea of property in the defendant and not in the plaintiff would be supported by evidence of a usurious contract.

None of the cases cited are in conflict with this view. Nor do we find any decided cases precisely in point. In *National Cash Register Co. v. Wait,* 158 Ill. App. 168, cited by plaintiff, it was held that the writ of *retorno habendo* was erroneously issued, as the pleas of *non cepit* and *non detinet* admitted property in the plaintiff and none of the other pleas traversed plaintiff's allegation of right of property. In *Lucas v. Gansler,* 335 Ill. 274, where in addition to the pleas of *non cepit* and *non detinet,* one of a number of defendants filed an additional plea of property in himself and not in plaintiff, it was held error for the court to order a writ of *retorno habendo* where the verdict simply found the defendants not guilty and there was no finding determining the issue of ownership. In the case

before us the defendant's third plea put the possession in issue and the court found that the right of property was in the defendant. The order that the property be returned was proper.

Plaintiff criticises the judgment order in that there does not seem to be a formal judgment that the defendant recover of the plaintiff the property taken under the writ, but only a finding of the issues for the defendant and that the right of property is in the defendant and that a writ of *retorno habendo* issue, citing *American Preservers' Co. v. Bishop,* 184 Ill. 68. In *Bledsoe v. Ziegenhein Bros. Furniture Co.,* 161 Ill. App. 146, opinion by Mr. Justice Duncan, similar language was under consideration, and the decision in the *American Preservers' Co.* case was distinguished, the court saying that the differences in the two forms of judgment were only technical and that such technicalities are not now favored under our statute, which provides that no judgment will be reversed for mere error in form. Paragraph 3, ch. 7, Cahill's Illinois Statutes; *Bates v. Williams,* 43 Ill. 494, and 54 Corpus Juris, page 585, section 311.

It was stipulated that on or about November 8, 1928, Harry E. McCormick, the defendant, made and delivered his note to plaintiff in the sum of $1,000, payable December 8, 1929, in consideration of a loan to him of $800 payable in instalments; that to secure this, defendant made a chattel mortgage conveying the Chandler automobile in question, with a provision that if defendant would pay the note the mortgage would become void. Defendant reserved possession of the automobile. Upon failure to pay any of the instalments when they became due, plaintiff reserved the right to declare all unpaid instalments of the note immediately due, and in this event plaintiff reserved the right to take immediate possession of the automobile; that defendant paid all of the instalments up to

and including the sum of $750; that on or about October 1, 1929, defendant called at plaintiff's place of business and after ascertaining that he had paid this amount did formally offer and tender payment to plaintiff the sum of $50, upon the condition that the entire debt would be liquidated and the mortgage released; that plaintiff refused to accept this tender or any other tender less than the balance of the face value of the note; that no further payments were made by the defendant and that about November 22, 1929, the automobile was seized by virtue of the writ of replevin herein and that the plaintiff has been in possession of the same from that date to the date the stipulation was signed, which was April 2, 1931.

There is no contention that this contract was not usurious. The execution and delivery to plaintiff by defendant of his note for $1,000, secured by his chattel mortgage, when in fact the loan was only $800, was a usurious contract.

Plaintiff argues that the tender being made upon condition that the chattel mortgage should be released was not a good tender. The tender was of the amount due and defendant had the right to demand a surrender of the mortgage and the note. The refusal of the plaintiff to accept the tender or any other tender of less than the unpaid balance of the $1,000 note discharged the mortgage by operation of law and reinvested the defendant with title to the property. 11 Corpus Juris, pages 679, 680, sections 452, 453; *Crain v. McGoon,* 86 Ill. 431. In *Alexander v. Meyenberg,* 112 Ill. App. 223, cited by plaintiff, the tender was made after the mortgagor had defaulted in his payments. In *Blain v. Foster,* 33 Ill. App. 297, the tender was made after forfeiture for nonpayment. In the present case the tender was made before there was any default.

Were the damages properly assessed? Section 22 of the Replevin Act, Cahill's St. ch. 119, ¶ 22, provides

that where the right of property is adjudged against the plaintiff, judgment shall also be given defendant for "damages for the use" of the property from the time it was taken until it is returned. Plaintiff says that the court erroneously assessed damages before the right of property was adjudged against the plaintiff. This is not according to the record. The court found the right of property in the defendant, which was a sufficient basis for the assessment of damages.

The amount of damages allowed, $6,120, is attacked. Defendant testified that he was an oil and gasoline salesman traveling over the middle western section of the country and used his automobile in his business, covering Illinois, Indiana, Michigan, Wisconsin and parts of Iowa; that after the automobile was taken by plaintiff under the replevin writ, it cost him $18 to $20 a day for railroad fare and taxicab hire, which would have been saved had he been able to drive his own car. However, defendant asserts in his brief that he is not claiming recovery for these expenses, and it is apparent the court did not award damages upon this basis.

The original cost of the Chandler automobile to defendant was $2,300, and plaintiff argues that any award is excessive which is out of proportion to the actual value of the chattel taken. This does not necessarily follow. The value of the use of the property may in some cases exceed the value of the property itself. In *Alley v. McCabe,* 147 Ill. 410, replevin was brought to recover a mare alleged to be of the value of $50, and upon the trial defendant had judgment and was awarded $485 damages for the use of the property during the period of detention. In *Wheeler & Wilson Mfg. Co. v. Barrett,* 70 Ill. App. 222 (affirmed in 172 Ill. 610), damages of $300 were assessed for taking property worth $60. In *Stein v. Traeger,* 218 Ill. App. 122, the value of the property was $3,000 and damages to the amount of $23,000 were allowed. See also *McCabe v. Chicago & Northwestern Ry. Co.,* 215

Ill. App. 99, and the quotation in that case from the interesting and pertinent remarks of the Lord Chancellor in *The Mediana* case, L. R. (1900) App. Cas. 113.

The question for determination is whether the court arrived at a correct amount in allowing the fair and reasonable rental value for the use of the property. In arriving at this the court estimated, from the use of the car by defendant for a period of time prior to its taking, that defendant would have averaged 90 miles a day with his car and that he had been deprived of its use for 425 days or 38,250 miles. Although these figures are questioned, yet we hold they are justified by the record.

A witness for defendant, Roy O. Kester, testified that he was the manager of the Hertz Drivurself business, which is a company engaged in renting automobiles, functioning in cities all over the United States. He testified that the customary rental charge for a Chandler automobile for a period of 30 days at an average of 100 miles a day would be 16¢ a mile. The trial court adopted this as the basis for arriving at the value of the use of the car and multiplied the mileage of 38,250 at 16¢ a mile, which gives $6,120, the amount of damages allowed.

We hold that this was not the proper basis for estimating the value of the use. The rate should not have been figured at 16¢ per mile, for Kester also testified that this was the rate for 30 days' use, but that if the rental period was for one year or more the rate would be 13¢ a mile. As defendant was deprived of the use of the car for more than one year, the value should have been figured at 13¢ a mile.

The court should also have taken into consideration the expenses of operation. Kester testified that the cost of operating a Chandler car, including gas, oil, depreciation and insurance, was 8½¢ a mile. Deducting this from 13¢ a mile we have 4½¢ as the

proper rental value per mile. Multiplying this by 38,250, the mileage of which defendant was deprived, gives $1,721.25.

We find no cases in Illinois where this precise point has been presented. The cases cited by defendant involve, for the most part, property in which there was no element of expense or depreciation. In *Butler v. Mehrling*, 15 Ill. 488, the subject matter was horses, but the instant point was not involved. That this is the proper method of estimating damages has been held in a number of cases outside of this jurisdiction. In *Bonestell v. Western Automobile Finance Corp.*, 69 Cal. App. 719, it was held that the rule for assessing damages in these cases is to find the net usable value by deducting the expenses of keeping up the property. In *Brookmole v. Kinchen* (Tex. Civ. App.), 253 S. W. 953, it was held that in such cases "it is the net usable value less the expenses of keeping the property, which may be recovered." In *New England Iron Works Co. v. Connecticut Co.*, 98 Conn. 609, it was held that to compute the damages "not only the pay of the driver, but also the cost of the other items of oil, gasoline and depreciation should have been deducted from the rental value." In *Goldshear v. Blank,* 168 N. Y. S. 628, which was a negligence case involving the loss of the use of an automobile, it was said that in estimating the damages the cost of the upkeep of the car must be deducted. In *State Bank of Omaha v. Murphy,* 110 Neb. 526, a replevin suit, where the right of property was found in the defendant, it was held that in the case of an automobile there was a depreciation which lessened its value materially, and that to charge against plaintiff the value of the property without deducting the depreciation was improper. To the same effect is *Puckett v. Hopkins,* 63 Mont. 137.

If defendant had had the use of his car for the period it was taken from him, the costs of oil, gasoline, insur-

ance and depreciation would have been against him. How, then, can any just estimate of the value of the use of the car be made which does not charge him with these items? Not to do so would in effect be based upon the erroneous supposition that when defendant ran the car he was free from any expenses for upkeep.

For the reasons indicated we hold that there was error in the finding of the court as to the amount of damages; that the correct amount is $1,721.25. If, therefore, the defendant will remit from the amount of judgment, within ten days from this date, $4,398.75, leaving the judgment to stand at $1,721.25, it will be affirmed; otherwise, reversed and remanded. The cost of this appeal should be taxed against the defendant.

*Affirmed upon remittitur; otherwise reversed and remanded.*

O'CONNOR, P. J., concurs.

MATCHETT, J., dissenting: I think the amount allowed for damages is still excessive.