S. Hayden, Trading as S. Hayden Company, Appellee,
v. Wabash Railway Company, Appellant, and
John Doe.

Gen. No. 36,376.

Opinion filed February 6, 1933. Rehearing denied February 20, 1933.

John Gibson Hale, for appellant.

Short, Rothbart, Willner & Lewis, for appellee;
Seymour M. Lewis, of counsel.

Mr. Justice O'Connor delivered the opinion of the
court.

The question for decision in this case is whether plaintiff, the holder of a chattel mortgage on an automobile, can maintain an action of replevin to recover the automobile transported from a point in Texas to Chicago on a through bill of lading, the transportation charges of $120.35 being unpaid. The trial judge held that he could, entered judgment accordingly, and the defendant railway company appeals.

The facts are stipulated, and so far as it is necessary to state them here are that February 21, 1928, Paul G. Green, who lived in Chicago, bought a Whippet sedan automobile from the Logan Motor Sales Company, an automobile dealer in Chicago. At the same time Green gave a chattel mortgage which was properly acknowledged and recorded in Cook county, to secure the payment of the balance of the purchase price, $360. It was in the usual form and provided that Green might retain possession of the automobile but must keep it in Chicago, Cook county, Illinois. At the time Green executed his note for $360, payable in monthly instalments of $60 each. The automobile was delivered to him, but what he did with it does not specifically appear. The first $60 instalment became due March 21, 1928, but was not paid. April 12, 1928, Green, at Houston, Texas, delivered the automobile to the International-Great Northern Railroad for transportation and delivery to the Logan Motor Sales Company of Chicago. The railroad company issued its uniform, through, straight bill of lading. The automobile was delivered to the defendant, Wabash Railway Company, at St. Louis, Missouri, and it completed the transportation to Chicago. Upon arrival of the automobile at destination, the defendant railway company gave notice of that fact to the consignee, the Logan Motor Sales Co., and the latter notified plaintiff, the owner of the chattel mortgage and note, which plaintiff had purchased from the Logan Motor Sales

Co., on the date of their execution. Plaintiff, upon receiving notice that the car was in possession of the defendant railway company in Chicago, instituted the instant action of replevin, and the automobile was taken by the sheriff of Cook county and delivered to him.

It further appears from the stipulation of facts that according to the tariffs filed by the International-Great Northern Railroad Company with the interstate commerce commission at Washington, there was $120.35 due for transportation charges which is still due and unpaid; that plaintiff had no notice or knowledge that Green had removed the automobile from Illinois and no notice or knowledge that he had delivered the automobile to the International-Great Northern Railroad Co. to be transported to the Logan Motor Sales Co. until plaintiff was notified, as above stated, by the Logan Motor Sales Co.; that Green has paid no part of the $360, the balance of the purchase price of the automobile; that plaintiff, after March 21, 1928, when Green first defaulted in payment, tried with all due diligence to locate Green or the automobile but was unable to do so.

Plaintiff contends that under the law of Illinois, when Green took the automobile out of Cook county and again when he defaulted in the payment of the $60 instalment which fell due March 21, 1928, the legal title to the automobile was vested in plaintiff absolutely; and *Frankenthal v. Mayer,* 54 Ill. App. 160; *Simmons v. Jenkins,* 76 Ill. 479, and other cases are cited. Whether this is the law when it appears that the mortgagee has not demanded possession of the title we think is not important here. But we think it obvious that the provision in the chattel mortgage that Green was to keep the automobile in Cook county, must be understood in a Pickwickian sense. Of course the Motor Sales Company knew that Green would take

the car out of Cook county,—an automobile is bought "to go places." This is not the day of the oxcart. If the provision in the chattel mortgage were to be taken seriously, there would never be an automobile sold upon which a chattel mortgage was given for part of the purchase price.

Is the defendant railway company's lien for the transportation charges superior to that of plaintiff's chattel mortgage? The question is an important one and not free from difficulty. No authority has been cited and we have been unable in the limited time at our disposal to find any that decides the precise point. The defendant contends that the transportation of the automobile being interstate is governed by the federal law; that the Bill of Lading Act, which is chap. 4, title 49, of the Transportation Act, provides that in an interstate shipment a railway company has a lien on the goods transported for its lawful charges, and that it has the right to hold the goods until the charges are paid; that in the instant case, Green, at the time he delivered the car in Texas to the railway company, was the owner of the automobile and therefore had the right to have it transported to Chicago. It is true that the law respecting charges for transportation in interstate commerce must be decided according to the United States Statutes so far as they are applicable. *Adams Exp. Co. v. Croninger*, 226 U. S. 491; *American Ry. Exp. Co. v. Mohawk Dairy Co.*, 250 Mass. 1.

The question then is, Was Green, at the time he delivered the automobile to the railway company in Texas, the owner of the automobile with authority to bind the mortgagee for the transportation charges? We think he was not. He was not authorized by the Logan Motor Sales Co. nor by plaintiff, the owner of the mortgage, to incur the expense of transporting the car. Neither of these parties knew that the car was in Texas and was being sent by Green to Chicago until

the defendant railway company had delivered the car in Chicago and notified the motor company. In these circumstances we think plaintiff's claim is superior to the defendant's transportation charges. The defendant could have protected itself by demanding payment of Green before the car was transported. Not having done so, it cannot now saddle the expense of the transportation charges on plaintiff.

In the case of *American Ry. Exp. Co. v. Mohawk Dairy Co., supra,* which involved the question of the carrier's charges in interstate transportation, it was held that since the Interstate Commerce Commission Act imposed no liability on any particular party to pay the charges, the parties were left free to contract to pay the transportation charges subject to the law which prohibited discrimination and it was there further held that while the ownership of property carried in interstate commerce was an important factor in determining the liability for the transportation charges, the fact of ownership alone was not enough to render the owner liable for transportation charges as a matter of law, but that other factors which were shown by the evidence in that case must be considered.

We are of the opinion that if Green may be considered the owner of the automobile when he delivered it to the railway company in Texas, yet under the rule announced in the *Mohawk Dairy Co.* case that fact alone would not authorize him to have the automobile transported to Chicago and thereby give the railway company a lien for its charges superior to the lien of plaintiff's chattel mortgage.

The judgment of the circuit court of Cook county is affirmed.

*Affirmed.*

McSurely, P. J., and Matchett, J., concur.