Troy *v.* Reilley.

WILLIAM TROY, appellant, *v.* OWEN REILLEY, appellee.

*Appeal from Jo Daviess.*

Where a motion for a new trial, on the ground of newly discovered evidence, is overruled in the Circuit Court, unless the affidavit upon which the motion is based, is set out in a bill of exceptions, the Supreme Court cannot determine whether there is error in the decision.

There can be no doubt that a court may, where any of its files are lost or destroyed, permit new papers to be filed; but all applications of this description are necessarily addressed to the discretion of the court. The court must not only be satisfied

(1) 1 Chit. Plead. 538.

of the loss or destruction of the papers, but that the proposed substitutes are true copies of the papers lost. If the court has any doubt, on either of these grounds, the permission to supply the lost papers ought not to be given.

THIS cause was heard in the Court below, before the Hon. Thomas C. Browne.

S. STRONG, for the appellant.

E. D. BAKER and A. T. BLEDSOE, for the appellee.

LOCKWOOD, Justice, delivered the opinion of the Court:

Reilley brought an action of *assumpsit* against Troy, for goods sold and delivered, and recovered judgment in the Court below. Troy moved for a new trial, on the ground of newly discovered evidence. This motion was grounded on an affidavit of Troy, but was overruled by the Circuit Court. To this decision exception was taken, and a bill of exceptions signed and filed, and the cause appealed to this Court. On the coming up of the transcript of the record, the affidavit of Troy was not inserted therein; the clerk certifying that the same was lost, and not to be found on file in his office. The cause was continued at the last term of this Court, and at the last October term of the Circuit Court of Jo Daviess county, Troy filed his affidavit, stating the loss of his previous affidavit, and its contents, as near as he could remember, and also an affidavit of his attorney, stating that the facts stated by Troy, in his last mentioned affidavit, corresponded with his recollection, and that he believed them to be true, and moved the Court for leave to file, *nunc pro tunc*, the said last mentioned affidavits, in support of a motion for a new trial, which was prayed for before the rendition of the judgment in the Court below. This motion was overruled, and Troy excepted. Troy now assigns the following errors, to wit:

*First.* The Court erred in not granting a new trial as prayed for in the Court below;

*Second.* The Court erred in overruling the motion of the defendant in the Court below to file copies of said affidavits which were lost, *nunc pro tunc*, and in not permitting said affidavits, or copies thereof, to be filed in said cause, *nunc pro tunc*, and thereby to become a part of the record;

*Third.* The Court erred in not permitting the record to be perfected, by causing the necessary papers therein to be filed for that purpose.

The first error assigned has no foundation to base it upon. The first bill of exceptions not containing the affidavit made by Troy, this Court has no means of ascertaining whether the Court below should have granted a new trial or not.

The application of the defendant below to file his affidavit, and that of his attorney, *nunc pro tunc*, as grounds of his motion for a

new trial, was a motion addressed to the sound discretion of the Court, and the refusal of the Court below cannot consequently be assigned for error.

The last error assigned is equally untenable. " There can be no doubt that a court may, where any of its files are lost or destroyed, permit new papers to be filed, but all applications of this description are necessarily addressed to the discretion of the court. The Court must not only be satisfied of the loss or destruction of the papers, but that the proposed substitutes are true copies of the papers lost. If the court has any doubt, on either of these grounds, the permission to supply the lost papers ought not to be given."

The judgment below is affirmed with costs.

*Judgment affirmed.*

*Note.* *See* Troy *v.* Reilley, *Ante* 19.