## JOHN G. TROUTMAN

### v.

## JONATHAN N. HILLS.

AMENDING JUDGMENT AT SUBSEQUENT TERM—REPLEVIN—RETURN OF PROPERTY.—In replevin under the issue of property in a third person, not in plaintiff, there was a verdict for the defendant, and judgment on the verdict, but no order for return of the property. At a subsequent term, the court amended the judgment so as to order a return of the property. The only authority for amending the judgment was the judge's minutes, which showed only "judgment on verdict" and for costs. Held, that the court had no power to so amend the judgment after the term had passed.

APPEAL from the Circuit Court of Lee county; the Hon. JOHN V. EUSTACE, Judge, presiding.    Opinion filed February 3, 1880.

Mr. WILLIAM BARGE, for appellant; that the judge's minutes are not proper evidence, cited Dickson v. Hoff, 3 How. 165; Sattler v. The People, 59 Ill. 68; McCormick v. Wheeler, 36 Ill. 114; Regina v. North, 4 Ad. & El. 132; Patterhall v. Turford, 3 Barn. & Ad. 890; Brewster v. Doane, 2 Hill, 537; 1 Greenleaf's Ev. § 115.

The court had no power to change the judgment in this case after the lapse of a term: Lill v. Stookey, 72 Ill. 495; Cook v. Wood, 24 Ill. 295; Abrams v. Lee, 14 Ill. 167; Smith v. Wilson, 26 Ill. 186; McKindley v. Buck, 43 Ill. 488; State

Sav. Inst. v. Nelson, 49 Ill. 171; Knox v. Winsted Bank, 57 Ill. 330; Ill. Land and Loan Co. v. McCormick, 61 Ill. 322; Robinson v. Brown, 82 Ill. 279; Jackson v. Ashton, 10 Pet. 480; Cameron v. McRoberts, 3 Wheat. 591; Bank of U. S. v. Moss, 6 How. 31; Bridge Co. v. Stewart, 3 How. 413; Hoinely v. Rose, 5 Cranch, 313; Martin v. Hunter's Lessee, 1 Wheat. 304; Currie v. Henry, 3 Johns. 139; Cooper v. Bissell, 15 Johns. 318; Barheydt v. Adams, 1 Wend. 101; Albus v. Whitney, 1 Story, 310; Dickson v. Hoff, 3 How. 165; Huntington v. Finch, 3 Ohio St. 445.

The court erred in awarding a writ of *retorno:* Lill v. Stookey, 72 Ill. 495; Ill. Land & Loan Co. v. McCormick, 61 Ill. 322.

Messrs. Dixon & Bethea, for appellee; that the minutes of the judge are a proper means of amending a record, cited McCormick v. Wheeler, 36 Ill. 114; C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Church v. English, 81 Ill. 442.

Upon the power of a court to amend its record: C. & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Coughran v. Gutchens, 18 Ill. 390; Cook v. Wood, 24 Ill. 297; Savings Inst. v. Nelson, 49 Ill. 171; Church v. English, 81 Ill. 442.

The pleadings constitute a part of the record in the case which the court is bound to notice: 1 Wharton on Ev. § 325; Brucker v. State, 19 Wis. 539; State v. Bowen, 16 Kan. 475.

Lacey, J. At the October term of Lee County Circuit Court, A. D. 1878, on a trial of a replevin suit by appellant against appellee, to recover a span of mules and a set of single harness, on the issues of plea of property in Michael Troutman, not in plaintiff; that defendant held them on execution against Michael Troutman; that the property in the harness was in Rachel Troutman, not appellant, and replications, the jury brought in verdict in favor of defendant as to the mules, and guilty of unlawfully detaining the harness, and assessed the plaintiff's damages at one cent.

The judge's minutes show these entries: "Each party to pay half the costs." "Judgment on verdict and for costs according to apportionment."

Upon these minutes the clerk entered up judgment in favor of appellant for one cent damages and for one-half the costs, but made no order for the return of the mules. While the judgment was in this form appellant appealed the cause to the Appellate Court of the First District, in which the judgment of the court below was affirmed.

At the June term, A. D. 1879, of the said Circuit Court, upon due notice, the court ordered the judgment to be so amended that it reads as follows: "That the defendant have and recover of the plaintiff the possession of the mules replevied in the suit, and that he have a writ of *retorno habendo* therefor.

From this order of the court in amending the record the appellant appealed to this court, and assigns for error the entering of such order.

The question is presented here: Can the court amend its record in a material matter after the term of court has passed at which the judgment was rendered? The rule appears to be that after the expiration of the term the power of the court over the record to correct errors is confined to errors and mistakes of their officers, and these may be corrected so as to make the record conform to the action or judgment of the court.

First—There must have been some action of the court which should have become a part of the record.

Secondly—That the omission from the record was through the fault or mistake of the clerk. Cairo & St. L. R. R. Co. v. Holbrook, 72 Ill. 419; Coughran v. Gutchens, 18 Ill. 390, and cases there cited.

In the first place, then, under this general rule it becomes necessary to inquire whether the court, at the term at which the judgment was originally entered, did in reality order that the appellant recover the possession of the mules and that a writ of *retorno habendo* issue therefor; and the only evidence of this fact which was admissible in this case was the minutes of the judge. Those minutes show that the clerk was to enter judgment against each party for costs, and that judgment was to be entered " on the verdict."

Troutman v. Hills.

The verdict was for one cent damages, and that the issues on the pleas were in favor of defendant as to the mules.

Upon the finding of the issues, does it necessarily follow that there should be a judgment for the possession and return? By referring to the statute, we find that it is provided that, if in an action of replevin, "the right of property shall be adjudged against him (plaintiff), judgment shall be given for a return of the property, and damages for the use thereof from the time it was taken until the return thereof shall be made, unless the plaintiff shall in the meantime have become entitled to the possession of the property when judgment may be given against him for costs, and such damages as the defendant shall have sustained, or if the property was held for the payment of money, the judgment may be in the alternative that the plaintiff pay the amount for which the same was rightfully held, with proper damages, within a given time, or make return of the property." Chap 119, sec 22, R. L. 1874, Underwood's Ed.

It will be seen that the court should determine upon the coming in of the verdict of the jury, finding the property as in this case, not to be in appellant whether there should be a judgment of possession and return, and enter that on his docket, or order the clerk to enter it as the judgment of the court. It appears from the minutes of the judge in this case that that question was not determined, and no order was made on the subject.

The clerk was not authorized to enter a judgment that never passed. It may be argued that the judgment for possession and return must follow as a matter of course upon the returning of the verdict into court.

It may be that the judge should have entered such an order, and there may be circumstances making it proper that the writ should be withheld as is clearly contemplated by the statute. From the fact that the judge did not order judgment for possession and return, we must conclude that he had good cause to withhold the order. But whether he had cause or not, the clerk would have no right to enter an order never made by the judge.

The only judgment that necessarily followed from the verdict was the one entered by the clerk. The court ordered him to enter such an one, and this was all he could do.

As illustrating the principle that a judgment for possession and return does not necessarily follow from the dismissal of a suit in replevin or upon verdict which is the same by our statute, the case of Lill v. Stookey, 72 Ill. 495, may be cited. Suppose the court should order its clerk upon the dismissal of a replevin suit to enter judgment on dismissal, would this authorize him to enter judgment for possession and return? The rule announced in the above case is against it.

This must be for the reason that such a judgment does not follow as a matter of necessity.

For these reasons, the judgment of the court below, in amending said judgment, is reversed.

Reversed.