## Bishop v. American Preservers Co.

1.   FOREIGN CORPORATIONS—*Trusts—Right to Sue for its Property.* —A foreign corporation, although abusing the privilege which it enjoys of doing business in this State, is not to be considered as an outlaw, having no right to sue for the property it owns.

2.   FOREIGN CORPORATIONS—*Collateral Attack.*—The organization of a foreign corporation can not be attacked collaterally for the supposed violation of the law in regard to trusts.

3.   TRUSTS.—*Purchase of Property.*—The purchase of property by a foreign corporation in pursuance of a plan of monopoly does not prevent the title passing under a bill of sale, nor can it be avoided for any supposed failure of consideration.

4.   REPLEVIN—*Affidavit.*—Whether an affidavit upon which a writ of replevin is issued covers all the goods taken or is in any particular de-

fective is of no consequence after the parties have pleaded to the declara-
tion which covers all the goods in question.

**Memorandum.**—Replevin. In the Circuit Court of Cook County; the
Hon. SAMUEL P. McCONNELL, Judge, presiding. Declarations for goods
wrongfully taken and wrongfully detained, with a count in trover;
pleas, general issue, *non detinet*, property in defendant, and that the
plaintiff is a trust in restraint of trade and can not bring suit to carry
out the purposes of such trust; verdict for plaintiff; appeal by defend-
ant. Heard in this court at the October term, 1893, and affirmed. Opin-
ion filed January 11, 1894.

The statement of facts is contained in the opinion of the
court.

APPELLANT'S BRIEF, LYNDEN EVANS AND FREDERICK ARND,
ATTORNEYS.

If the appellee urges the doctrine of *par delictum*, still it
can not recover, because it was not, at the time the suit was
instituted, in possession of the property (the subject-matter
of the illegal contract) sought to be herein replevied. Wells
on Replevin, 77; Hall v. White, 106 Mass. 399; Richardson
v. Reed, 4 Gray, 441; Story on Agency, 195–344; Samuels
v. Oliver, 130 Ill. 73.

The affidavit in replevin being jurisdictional, the defend-
ant could not waive it. Leigh v. Mason, 1 Scam. 249;
Fleishman v. Walker, 91 Ill. 518.

APPELLEE'S BRIEF, MORAN, KRAUS & MAYER and A. LEO
WEIL, ATTORNEYS.

The appellant, having in his possession goods of appellee
as its agent or bailee, part of which goods appellee delivered
to said agent from other factories, part of which appellee
acquired by bill of sale from appellant, and which appellee,
after said purchase, delivered to appellant, as its agent, part of
which were the accretions naturally arising from the conduct
of an active manufacturing enterprise, and all of said goods in
appellant's possession as bailee he sought to retain, and this
action is for a breach of his promise as such bailee to return
or account to his principal, the appellee, for said goods, or

any part thereof.   Planters Bank v. Union Bank, 16 Wall. 483; Armstrong v. Toler, 11 Wheat. 258; Holt v. Barton, 42 Miss. R. 711; W. U. Tel. Co. v. St. J. & W. R. R. Co., 3 Fed. Rep. 430; Logan v. Grosscup, 99 Am. Dec. 61, note; W. U. Tel. Co. v. U. P. R. R. Co., 1 McCrary, 558; S. C., 3 Fed. Rep. 423; Brooks v. Martin, 2 Wall. 70; Wann v. Kelly, 5 Fed. Rep. 584; Black v. McNiel, 46 Ala. 288; Anderson v. Moncrief, 3 Dess. Eq. 124; Hickman v. Schwartz, 50 Wis. 270; De Leon v. Trevino, 49 Tex. 88; Morawetz on Corp., Sec. 758; Importing & Ex. Co. v. Locke, 50 Ala. 334; Greenhood on Public Policy, Rule 27; National Distilling Co. v. Cream City Importing Co., 56 N. W. Rep. 864.

An agent or bailee who has received property of his principal can not defend against an action by the principal to recover the property, on the ground that such property was acquired through an illegal transaction, nor can such agent or bailee claim adversely to his principal or set up a title adverse to his principal.   Mechem on Agency, Secs. 525, 526; Simpson v. Wren, 50 Ill. 222; Snell v. Pells, 113 Ill. 145; Holt v. Barton, 42 Miss. 711; Norton v. Blinn, 39 Ohio St. 145; Greenhood on Public Policy, Rules 32, 34, 108, 109 and 110.

Mr. Justice Gary delivered the opinion of the Court.

In July, 1888, the appellant, who was engaged in the manufacture of fruit butters, jellies, preserves and like products, by a bill of sale under seal, conveyed all his stock in trade, fixtures, etc., business and good will of the same, to the appellee, and thereafter for nearly three years continued to carry on the business as before, but on a salary from, and as agent for, the appellee.

In March, 1891, he threw off his allegiance and rebelled, and the appellee replevied what was then on hand.

Many questions are made in the case, but the one of paramount importance is that the appellant claims, and on the trial endeavored to prove, that the appellee was and is one of several corporations under the control of one body of individuals, organized and managed effectively to create and

perpetuate a monopoly in the trade, and prevent competition in prices, of the goods in which they dealt.

The appellee is a separate, independent legal entity. If it is abusing the privilege it enjoys of doing business in this State, though a foreign corporation, some remedy probably can be found to prevent future, if not punish past abuse; but it is not an outlaw, having no right to sue for the property it owns.. Morawetz, Corp., Sec. 758; U. S. Vinegar Co. v. Schlegel, 67 Hun, 356; S. C., 22 N. Y., Supplement, 407.

Its organization can not be attacked collaterally for supposed sinfulness in its conduct.

That the purchase in 1888 was in pursuance of the plan of monopoly did not prevent title passing under the bill of sale. Greenhood on Public Policy, 48.

Nor can it be avoided for any supposed insufficiency or failure of consideration. Bishop on Contracts, Sec. 124.

Questions presented by the appellants as to admission or rejection of evidence become unimportant, holding as we do that the matter to be proved was immaterial.

Whether the affidavit upon which the writ was issued covered all the goods taken, or was in any particular defective, was of no consequence after the parties had gone to issues upon the declaration, which did cover all. Frink v. Flanagan, 1 Gil. 35.

The replevin was of goods in the possession of the appellant as agent of the appellee; to what extent, if any, they were the same as conveyed by the bill of sale does not appear.

The judgment is affirmed.