### John Roberts et al., Appellants, v. Roy Perrine, Appellee.

1. REPLEVIN—*filing of affidavit as beginning of suit.* The filing of an affidavit is the beginning of a suit in replevin.

2. REPLEVIN—*when bond becomes part of files in the case.* A replevin bond does not become a part of the records and files of the cause until the officer makes a return of the writ and the bonds.

3. PLEADING—*supplying lost files.* Before a court permits or requires lost files in a case to be supplied it should be satisfied that the original files have been lost.

4. DISMISSAL AND NONSUIT—*failure to file replevin bond.* A motion to dismiss an action of replevin because of plaintiff's failure to file a bond comes too late after a lapse of three years and after a plea.

5. DAMAGES—*amount in replevin for detention of goods.* Under Cahill's St. ch. 119, ¶ 22, upon failure of the plaintiff in replevin to maintain the action, damages should not be awarded for the full value of the property and attorney's fees in favor of one who merely had possession of the property as agent of a chattel mortgagee to foreclose.

Appeal by plaintiffs from the City Court of West Frankfort; the Hon. ROBERT T. COOK, Judge, presiding. Heard in this court at the October term, 1927. Reversed and remanded. Opinion filed January 20, 1928.

MOSES PULVERMAN, for appellants.

F. E. TROBAUGH, for appellee.

MR. PRESIDING JUSTICE BARRY delivered the opinion of the court.

This action in replevin was begun on March 1, 1923. The issues were settled and the cause was set for hearing before a jury on October 25, 1926. When reached for trial the parties waived a jury and the hearing was set for October 29, 1926. On that day appellee moved the court to dismiss the suit for the reason that appellants had not filed a replevin bond, and thereupon the court ruled appellants to file a good and sufficient replevin bond instanter, if no replevin bond was filed at the time of the commencement of the suit, and if a replevin bond was filed when the suit was begun, then appellants should supply the files with a new bond instanter. Thereupon counsel for appellants informed the court that a good and sufficient replevin bond was duly executed and presented to the coroner and that appellants had no further control over the said replevin bond and had no knowledge as to the disposition thereof by the coroner and that they refused to execute any other or further bond.

Appellants then moved the court to dismiss the cause. The bill of exceptions states that the court then examined the files and records of the case and found that the same did not show that any replevin bond was ever filed in the cause; that there is no replevin bond now on file and a part of the files in the cause. The court then granted the motion of appellee and entered an order dismissing the suit at the costs of appellants.

The court then proceeded to a hearing on the question of damages and found that the damages sustained by appellee amounted to $1,200 for which a judgment was rendered in favor of appellee.

The filing of an affidavit is the beginning of a suit in replevin. The statute does not provide for the filing of a bond with the clerk of the court before the issuance of the writ. After the writ is issued the officer

who is to serve it is required to take a good and sufficient bond before he makes the levy. The statute, sections 10 and 11 of the Replevin Act, Cahill's St. ch. 119, ¶¶ 10, 11, makes it the imperative duty of the officer to take a bond and return it with the writ into court. Section 12 of the same act, Cahill's St. ch. 119, ¶ 12, provides that if the officer fails to take and return the bond, as required by the act, or returns an insufficient bond, he shall be liable to the party injured for all damages he may sustain by reason of such neglect which may be recovered in an action on the case, or by an action upon his official bond. It was so held in *People v. Robinson,* 89 Ill. 159.

The *praecipe* for the record filed by appellants in the case at bar called for a full and complete transcript of the record. The transcript filed herein purports to be a full, true and complete transcript in the cause. The affidavit for the writ appears therein but it fails to show that a writ of replevin was issued by the clerk of the court. The writ of replevin, the officer's return thereon, or the replevin bond do not appear in the record. A replevin bond does not become a part of the record and files in the cause until the officer makes a return of the writ and the bond. After the delivery of the replevin bond to the officer and his acceptance thereof, the plaintiff has no further control over the same, nor is he responsible for the failure of the officer to perform his duty.

It will be observed that this cause was pending more than three years before it occurred to appellee to move for a dismissal on the ground that no replevin bond had been filed. The motion to dismiss a replevin suit for want of a sufficient affidavit comes too late after the defendant has appeared and pleaded. *Frink v. Flanagan,* 6 Ill. 35; *Bishop v. American Preservers Co.,* 51 Ill. App. 417. An objection to the sufficiency of a replevin bond should be made at the return term of the writ and a motion to dismiss the suit on that ground

cannot be entertained after the return term. 23 R. C. L. 894. The failure to take a bond, or the taking of an insufficient bond must be taken advantage of at the earliest opportunity, and by neglecting this and pleading, the opportunity is lost. 23 R. C. L. 894; 34 Cyc. 1449; *Burrier v. Cunningham Piano Co.,* 135 Md. 135, 108 Atl. 492.

When the court undertook to ascertain whether the bond had been filed the officer was not called to show what he had done with the writ or the bond. The court simply examined the files and records in the case. If the officer never returned the writ or bond they would not be found among the files or the records. We have no doubt that in a proper case the court may permit or require lost files to be supplied, but before doing so the court should be satisfied that the original files have been lost. *Troy v. Reilley,* 4 Ill. 259. In any event, appellee's motion to dismiss the case came too late and the court erred in its ruling thereon.

The court also erred in the allowance of damages. Section 22 of the act, Cahill's St. ch. 119, ¶ 22, provides that if the plaintiff in an action of replevin failed to prosecute his suit with effect, or suffers a non-suit or discontinuance, or if the right of property is adjudged against him, judgment shall be given for a return of the property and damages for the use thereof from the time it was taken until a return thereof shall be made, unless the plaintiff shall, in the meantime, have become entitled to the possession of the property, etc. It will be observed that the only damages the court is permitted to allow, in a replevin suit, are damages for the use of the property from the time it was taken until a return thereof shall be made. In the case at bar the court allowed the full value of the property, $1,000, and $200 for attorney's fees. Even if the court had properly dismissed the suit the damages allowed were without authority of law. A mortgagee of chattels having the right to possession only for the purposes of

foreclosure cannot recover the value of their use if they are taken and detained from him.   23 R. C. L. 912.   In the case at bar appellee had taken possession of the property in question as an agent of the mortgagee for the purpose of foreclosing the mortgage.

A replevin bond is for the protection of the defendant and the officer who is to levy the writ, and in case there is a breach of the terms of the bond the defendant in the replevin suit may bring a suit thereon and recover such damages and costs as may have been sustained in consequences of the breach of such condition, under section 25 of the act.   In the case at bar the court entered a judgment against appellants for all that could have been recovered in an action upon the bond, whereas by virtue of section 22 of the act, appellee was not entitled to recover, in the replevin suit, any damages other than for the use of the property from the time it was taken until a return thereof.

For the reasons aforesaid the judgment is reversed and the cause remanded.

*Reversed and remanded.*