(No. 19020.—

J. Gray Lucas, Plaintiff in Error, *vs.* Lee Gansler *et al.*
Defendants in Error.

*Opinion filed June 19, 1929.*

Edward H. Morris, (J. Gray Lucas, *pro se,*) for plaintiff in error.

Mr. Commissioner Crow reported this opinion:

This action was replevin by plaintiff in error, J. Gray Lucas, in the superior court of Cook county, for the recovery of an automobile from defendants in error, Lee Gansler, William Jacobs and Frank Shapiro. The declaration was in three counts, the first charging the defendants with taking and subsequent detention, the second, detention only, and the third was a count in trover. To the declaration Jacobs pleaded that he was not guilty of the grievances laid to his charge in either of the counts. He filed a fourth plea averring property in himself and not in plaintiff. Subsequently the suit was dismissed for want of prosecution and a writ of *retorno habendo* was awarded. The order of dismissal was vacated, the cause was reinstated by

agreement, the writ was recalled, the pleas filed were allowed to stand and plaintiff was allowed time to reply. He replied property in himself and Olive Lucas, his wife, and denied that Jacobs was the owner. There was a trial by jury, and on January 30, 1924, a verdict was returned finding "defendants not guilty and the right to possession of the property in question in the defendants." Judgment was entered on the verdict that defendants have and recover from the plaintiff possession of the automobile and their costs and charges. That verdict and order for writ of return of the property were set aside on February 2, 1924, on motion of defendants' attorneys. A second trial was had on June 12, 1925, and the jury returned a verdict, "We, the jury, find the defendants not guilty." Upon the verdict judgment was entered: "Therefore it is considered by the court that plaintiff take nothing by his suit and that defendants go hence without day, and do have and recover of and from the plaintiff their costs and charges and for execution, and that a writ of *retorno habendo* issue in favor of defendant Jacobs for the return of the property replevied by virtue of the writ of replevin issued in said cause." A motion to vacate the order for the writ of *retorno habendo* was denied. A writ of error was sued out of the Appellate Court for the First District and the judgment of the superior court was affirmed. *Certiorari* was allowed to review the judgment of the Appellate Court.

There is no appearance by defendants in error in this court. Nine errors are assigned on the record, but the question of law presented for determination arises upon this: The court erred in ordering that a writ of *retorno habendo* issue in favor of one or all of the defendants for the return of the property replevied on the verdict, "We, the jury, find the defendants not guilty."

There is no bill of exceptions in the record. There is no question of fact presented at the trial to be determined

or considered in deciding whether the court erred in awarding the writ of *retorno* upon a verdict of not guilty. The question is not whose property it was, but whether the defendants were guilty of taking it. It can make no difference whether the jury found the issue in that manner of its own volition or on the direction of the trial judge. The issue found as expressed in the verdict, and not how the jury came to the conclusion, determines its effect. If the defendants were not guilty of taking the property as charged in the declaration in replevin, and there was no finding on the issue of ownership or right to possession, no occasion exists for ordering its return. The finding did not determine the issue of ownership or right to possession.

The question presented by this record was decided on full review of previous decided cases, and upon the statute, in *Rohe* v. *Pease,* 189 Ill. 207. The declaration in one count averred the taking, and in another the detaining, of property taken on execution by Pease, as sheriff. He filed four pleas: *Non cepit, non detinet,* property in a third person, and justification under an execution against the plaintiff. Upon trial on issues joined a jury returned a verdict finding the defendant "not guilty." Judgment was entered upon the verdict against plaintiff for costs and that defendant have a writ for the return of the property. The Branch Appellate Court affirmed the judgment. Reversing the judgments of the lower courts this court said: "In replevin the plea of *non cepit* only puts in issue the taking of the property and does not authorize a judgment for a *retorno habendo.* (*Vose* v. *Hart,* 12 Ill. 278.) That plea and the plea of *non detinet* filed in this case both admitted the property to be in the plaintiff. A verdict of not guilty is responsive to those issues, only, under which the plaintiff is admitted to be the owner, and it is erroneous for a court to award a writ of *retorno habendo* upon such a verdict. A judgment for a return of the property cannot be rendered unless it appears from the issues tried and the

verdict returned that the plaintiff is not the owner. (*Bourk v. Riggs,* 38 Ill. 320.) The provision of the statute authorizing a judgment for a return of the property to the defendant is, that if the right of property is adjudged against the plaintiff such a judgment may be given.—3 Starr & Cur. Stat. 1896, p. 3382." Section 22 of the Replevin act remains as when that opinion was written.

There is no evidence in this record. The case rests on the common law record, which includes the pleadings, the verdict and the judgment. The issue and finding upon which the judgment was rendered did not authorize a judgment for return of the property. Taking and detention of it would not authorize a judgment for possession and a writ for the return of it unless there was a plea of property, general or special, in the defendants and the facts found at the trial. Nothing of that nature is in the record in this case. The verdict of not guilty only established no right of possession in defendants and is responsive only to the issue that they did not take the property and did not wrongfully detain it. Plaintiff being in possession under a writ of replevin, his right to possession remains unimpaired by the finding of the jury. It did not authorize a judgment for the return of the property, and therefore defendants could not have a writ for its return. Awarding the writ when authorized by the facts under the Replevin act is an appropriate judgment, otherwise not. The only question is whether, under the verdict, defendants in error are entitled to a judgment for the return of the property. Clearly, on principle and authority, they are not. The award of the writ of *retorno habendo* was therefore erroneous.

No complaint is made that the jury did not find upon the other issues or that judgment for costs was rendered against plaintiff in error.

The judgments of the superior court and the Appellate Court are reversed and the cause is remanded to the superior court, with directions to enter judgment that the plain-

tiff take nothing by his suit, that the defendants go without day and recover their costs against the plaintiff, and that execution issue therefor.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Crow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Reversed and remanded, with directions.*