NOVAK FOOD SERVICE EQUIPMENT, INC., Plaintiff-Appellant, *v.* MOE'S CORNED BEEF CELLAR, INC., Defendant-Appellee.

First District (2nd Division)   No. 83—1463

Opinion filed February 14, 1984.

Thomas D. Murray, of Levinson, Murray & Jensen, P.C., of Chicago, for appellant.

Gerald E. Frank, of Chicago, for appellee.

PRESIDING JUSTICE HARTMAN delivered the opinion of the court:

Plaintiff, Novak Food Service Equipment, Inc. (Novak), appeals from the circuit court's refusal to enter a preliminary order of replevin of restaurant equipment in possession of defendant Moe's Corned Beef Cellar, Inc. (Moe's). Novak brought this interlocutory appeal pursuant to Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)) and raises issues of whether: the refusal to enter an order of replevin at the preliminary hearing is appealable as of right; and, the circuit court erred in refusing to enter the preliminary order of replevin.

For the reasons hereinafter presented, we dismiss for lack of jurisdiction and direct the circuit court to make a final determination on the merits.

Novak's verified complaint in replevin alleged its entitlement to all the equipment delivered to Moe's under various attached sales invoices, and sought the issuance of a court order for possession of the property, the value of property not delivered and damages for property detention. Moe's filed its verified answer and counterclaim. The answer denied the material allegations of Novak's right to possession and damages. The verified counterclaim alleged that: the equipment did not fit the spaces set forth in Novak's design plan for installation of the equipment which Novak was bound to supply under the agreement; Novak failed to provide supervision of the equipment's installation as provided by contract; and Moe's incurred extra expenses in attempting to fit the equipment into the space available, all allegedly amounting to a material breach of the sales agreement. Novak filed no answer to the counterclaim.

A hearing was held pursuant to sections 19—105 and 19—107 of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1981, ch. 110, pars. 19—105, 19—107). Those sections require a hearing when the application for entry of an order for replevin is contested, as in the present case. If a plaintiff establishes a *prima facie* superior right to possession of the disputed property and *also* demonstrates to the court the probability that the underlying claim to possession will ultimately prevail on final hearing, an order for replevin is authorized by section 19—107. In the instant case, the hearing before the circuit court developed evidence, through Novak's secretary, which revealed that the invoices of sale were subject to a security agreement requiring payment of $16,300 in lump sum, the nonpayment of which is the basis for the replevin action. The secretary testified that Moe's made a partial payment of $9,000, which was accepted by Novak, leaving a balance of $5,934. He also testified with respect to subsequent changes

made in the equipment described in the contract, in addition to equipment returns to Novak, for which credits were reflected in the balance claimed to be due.

On cross-examination, he stated that one of the supporting invoices was a contract requiring Novak to render design services and provide a layout plan for the designated equipment sold to Moe's. Moe's sought to continue examination of this witness under section 2—1102 of the Code (Ill. Rev. Stat. 1981, ch. 110, par. 2—1102) (formerly section 60 of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 60)). The circuit court sustained Novak's objection to any testimony being elicited from this witness relating to Moe's counterclaim. The counterclaim asserted that the supporting contract for design and layout services had been breached by Novak and that the equipment purchased did not fit the premises properly. Moe's claimed that the resulting damages exceeded the balance due Novak under the sales contract and therefore dissipated the basis for ordering the replevin.

Moe's argues that under section 19—107, the second part of the twofold test therein provided must be satisfied before the court may issue a replevin order, namely, that plaintiff must establish that it will probably prevail on the subsequent underlying claim of possession. Moe's insisted that the latter provision could not be fulfilled in the instant case because if Moe's owed Novak no money, the basis for replevin is absent. The circuit court appears to have agreed. At a subsequent hearing on Novak's motion for reconsideration the court observed that it doubted Novak's ability to prevail at a final hearing. For that reason, the court denied the motion to reconsider its denial of the preliminary order for replevin. This appeal followed.

Novak claims the denial of the replevin order at the preliminary hearing is appealable as of right because it is tantamount to the denial of an injunction and therefore appealable pursuant to Supreme Court Rule 307(a) (87 Ill. 2d R. 307(a)). It asserts that an interlocutory appeal provides the only meaningful method for review since no other alternatives sufficiently remedy damages incurred by deprivation of the property until the final hearing. The supreme court has amended its rule several times since section 19—107 was enacted by the legislature, effective August 13, 1973 (then Ill. Rev. Stat. 1973, ch. 119, par. 4c). The court has not amended Rule 307, governing interlocutory appeals, to include this type of order, however.

Novak's argument also ignores the statute under which it applied for its order of replevin, section 19—107, particularly that part which requires an applicant for replevin to demonstrate the probability that

the underlying claim to possession will affirmatively prevail on final hearing. Novak's right to possession in the present case is predicated upon sales agreements which, it claims, Moe's has breached by non-payment of the contract price. Moe's countervailing argument is that Novak's right to possession is dissipated by Novak's own breach of the same agreements resulting in damages to Moe's exceeding the contract price, as set forth in Moe's verified counterclaim, which has not yet been answered. Its right to possession, Novak maintains, cannot be challenged by a counterclaim and should not be permitted to defeat its right to possession under the contract at the preliminary hearing. The law is to the contrary.

In a replevin action, a defendant may recoup or set off a sum owing to him or her from a plaintiff. (*Cottrell v. Gerson* (1938), 296 Ill. App. 412, 428, 16 N.E.2d 529, *aff'd* (1939), 371 Ill. 174; *Berg v. Henry* (1956), 12 Ill. App. 2d 226, 139 N.E.2d 179 (abstract).) The provisions of the Code are in consonance with the foregoing cases. Under section 1—108, article 2 of the Code regulates the procedure to be followed in article 19 of the Code within which the replevin statute is now situated, unless otherwise provided in article 19. (Ill. Rev. Stat. 1981, ch. 110, pars. 1—108, 2—101 *et seq.*, 19—101 *et seq.*) Counterclaims are authorized under the Code, are governed under sections 2—608 and 2—614 thereof (Ill. Rev. Stat. 1981, ch. 110, pars. 2—608, 2—614), and are thus applicable here. Moe's counterclaim is not simply a setoff, but goes to the essence of Novak's right to replevy the chattels by virtue of its own alleged breach of the same sales agreement with which Moe's is charged with violating. It is germane, relevant and material to the principal issue raised and Moe's should have been permitted to submit evidence in its support at the preliminary hearing. In accordance with the second requirement of section 19—107 of the Code, the circuit court stated, upon reconsideration, that Novak's probable right to replevin at the full hearing was in doubt and denied the issuance of the proposed order of replevin. This denial was in compliance with the rule that replevin is a statutory proceeding and its provisions must be strictly followed. (*Universal Credit Co. v. Antonsen* (1940), 374 Ill. 194, 200, 29 N.E.2d 96.) Under the foregoing circumstances, we find that there was no order from which an interlocutory appeal as of right may be taken.

Even were we to assume, *arguendo*, that an appeal should lie from the order of the circuit court and the case decided on the merits of the court's denial of the preliminary order of replevin, Novak's appeal would fail. Taking Novak's analogy of the present circumstances to that in which an injunction has been denied, it must be observed

that the extraordinary remedy of a preliminary injunction seeks to maintain the status quo by preventing the perpetration of a wrong or the doing of an act whereby the right in controversy may be materially injured. (See, *e.g., Hydroaire, Inc. v. Sager* (1981), 98 Ill. App. 3d 758, 761, 424 N.E.2d 719.) Status quo, in this instance, is the last peaceable and uncontested status which preceded the pending controversy. (*Illinois Housing Development Authority v. Arbor Trails Development* (1980), 84 Ill. App. 3d 97, 103, 404 N.E.2d 1097.) Here, the granting of the preliminary replevin order would have disrupted the status quo because the effect of the order would have necessitated the removal of fixtures, secured to realty being used in Moe's ongoing business, pending a full hearing. In contrast, the denial of the order of replevin at this preliminary stage does not foreclose Novak's pursuit of its remedies since further hearing on this issue is contemplated by section 19—107.

For the foregoing reasons, the appeal herein is dismissed and the cause remanded to the circuit court for further proceedings.

Dismissed and remanded.

STAMOS and PERLIN, JJ., concur.