INTERNATIONAL HARVESTER CREDIT CORPORATION, Plaintiff-Appellant and Cross-Appellee, v. BENNY H. HELLAND *et al.*, Defendants-Appellees and Cross-Appellants.

Second District   No. 84—0096

Opinion filed February 7, 1985.

Robert W. Hallock, John R. Teitgen, and Thomas D. Graber, all of Kirkland & Ellis, of Chicago, and Richard Solomon, of Tyler, Solomon & Hughes, of Aurora, for appellant.

Paul E. Root and Roger B. Gomien, both of Gomien, Root & Masching, of Morris, for appellees.

JUSTICE UNVERZAGT delivered the opinion of the court:

This is a statutory replevin action (Ill. Rev. Stat. 1983, ch. 110, par. 19—101 *et seq.*) filed by the plaintiff, International Harvester Credit Corporation (IHCC), to obtain possession of two tractors and one disk harrow purchased by the defendants from a third party, Leaders Equipment Company of Dunlap, Iowa.

Pursuant to section 19—106 of article XIX (the Replevin Act) of the Code of Civil Procedure (Code) (Ill. Rev. Stat. 1983, ch. 110, par. 19—106), on March 11, 1983, an *ex parte* order was entered by the circuit court of Kendall County granting a writ of replevin to the plaintiff, which writ was executed the same day.

At the bench trial on the merits, the trial court granted the defendants' motion for a directed finding made pursuant to section 2-1110 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1110), and entered judgment "for defendant [*sic*] and against plaintiff." Plaintiff appealed, and the defendants filed a cross-appeal from evidentiary rulings made by the trial court admitting certain documentary evidence.

■ Because the record at bar fails to show the entry of a final, appealable order, and none of the interlocutory appeal provisions apply, we conclude we lack jurisdiction to consider the issues raised, and the appeal and cross-appeal must be dismissed.

A judgment is final if it decides the controversy between the parties on the merits and fixes their rights, so that if the judgment is af-

firmed, nothing remains for the trial court to do but to proceed with its execution. (*In re J.N.* (1982), 91 Ill. 2d 122; *People ex rel. Scott v. Silverstein* (1981), 87 Ill. 2d 167; *Slates v. International House of Pancakes, Inc.* (1980), 90 Ill. App. 3d 716.) A replevin action is to recover possession of goods wrongfully distrained or otherwise wrongfully taken or detained, brought by the owner or person entitled to their possession. (Ill. Rev. Stat. 1983, ch. 110, par. 19—101.) Replevin is a statutory proceeding, and the statute must be strictly followed. (*Jim's Furniture Mart, Inc. v. Harris* (1976), 42 Ill. App. 3d 488; *Blum v. City of Chicago* (1970), 126 Ill. App. 2d 228; *O'Toole v. Klimek Boat & Engines Works* (1960), 24 Ill. App. 2d 111.) The plaintiff in a replevin action must allege and prove that he is lawfully entitled to possession of the property, that the defendant wrongfully detains the property and refuses to deliver the possession of the property to the plaintiff. *Hanaman v. Davis* (1959), 20 Ill. App. 2d 111; Ill. Rev. Stat. 1983, ch. 110, par. 19—104.

■ If the plaintiff in a replevin action does not prevail, as here, and "if the right of property is adjudged against the plaintiff, judgment shall be entered for a return of the property if such property has been delivered to the plaintiff, and damages for the use thereof from the time it was taken until a return thereof is made, ***." (Ill. Rev. Stat. 1983, ch. 110, par. 19—123.) As in civil actions generally, the issues in a replevin action are confined to those raised by the pleadings (31 Ill. L. & Prac. *Replevin* sec. 41 (1957)), and an order for the return of the property and damages shown by the evidence is proper. (*Stein v. Traeger* (1920), 218 Ill. App. 122, 128-29; *National Contract Purchase Corp. v. McCormick* (1931), 264 Ill. App. 63, 67; *MacLachlan v. Pease* (1896), 66 Ill. App. 634, 636, *aff'd* (1898), 171 Ill. 527.) This is particularly so where, as here, the defendants in their responsive pleadings alleged their right in the property, requested return of the property, and requested damages against the plaintiff. (*Cf. Chonowski v. Sikora* (1968), 93 Ill. App. 2d 53 (where the defendant was not entitled to return of the property despite a verdict against the plaintiff where the defendant did not ask for its return either in his answer or during trial and, further, the jury found he was not entitled to it); *Lucas v. Gansler* (1929), 335 Ill. 274 (a judgment for possession and writ for return of property is not authorized unless there is a plea of property in the defendant and the facts found at the trial); *Watkins v. Dunbar* (1925), 318 Ill. 174 (in order to have a judgment of restitution entered in a replevin action, an application for it must be made in a court where the cause is pending and which has jurisdiction of the parties); *American National Bank & Trust Co. v. Mar-K-Z Mo-*

*tors & Leasing Co.* (1973), 11 Ill. App. 3d 1046, *aff'd* (1974), 57 Ill. 2d 29 (the court's order to plaintiff to assign the certificate of title to the defendant was proper even though the defendant did not pray for such relief in his counterclaim, where his answer alleged he was the owner of the property and demanded return of the property, damages, and costs).) Further, where the judgment in a replevin action was for the defendant, but no order was issued for the return of the property, it was held that such an order does not automatically follow the judgment and the court at a subsequent term has no power to amend the judgment so as to order return of the property. *Troutman v. Hills* (1879), 5 Ill. App. 396; see also *Watkins v. Dunbar* (1925), 318 Ill. 174, 177-78.

When the defendant moves for a directed finding pursuant to section 2—1110 of the Code (Ill. Rev. Stat. 1983, ch. 110, par. 2—1110), the court first considers as a legal question whether the plaintiff has made out a *prima facie* case, and will grant the defendant's motion if the plaintiff has failed to do so. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151.) If the plaintiff has presented a *prima facie* case, the court may proceed to weigh all the evidence, and it need not view the evidence in the light most favorable to the plaintiff, but may consider evidence favorable to the defendant as well. (*Kokinis v. Kotrich* (1980), 81 Ill. 2d 151; *City of Evanston v. Ridgeview House, Inc.* (1976), 64 Ill. 2d 40.) If the court finds the evidence diminishes or negates some of the evidence necessary to the plaintiff's *prima facie* case, the court should grant the defendant's motion and enter judgment in the defendant's favor. (*McHenry State Bank v. City of McHenry* (1983), 113 Ill. App. 3d 82; *Happel v. Mecklenburger* (1981), 101 Ill. App. 3d 107.) The decision of the trial court should not be reversed unless it is contrary to the manifest weight of the evidence. (*Proctor v. Handke* (1983), 116 Ill. App. 3d 742, 748.) If the cause is reversed on appeal, however, the cause is to be remanded with directions to proceed as though the motion had been denied by the trial court or waived. 87 Ill. 2d R. 366(b)(3)(iii).

■ A judgment has been traditionally defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely and finally the rights of the parties in the lawsuit. (*Wold v. Bull Valley Management Co.* (1981), 97 Ill. App. 3d 516, *aff'd* (1983), 96 Ill. 2d 110.) Affirmance of the case at bar, however, would leave unresolved the issues of the return of the property and the damages owed the defendant by the plaintiff. A reversal as requested by the plaintiff would not allow entry of a judgment for plaintiff nor the award of damages for plaintiff as requested in its com-

plaint, first, because the cause would necessarily be remanded according to Supreme Court Rule 366 (87 Ill. 2d R. 366), for presentation of the defendants' case, and second, because the record contains no evidence as to the issue of damages as claimed by the plaintiff. It has been held that the damages allowed in a replevin action are damages for the use of the property from the time it was taken until its return. (*National Contract Purchase Corp. v. McCormick* (1931), 264 Ill. App. 63, 68-69; *Roberts v. Perrine* (1928), 247 Ill. App. 259, 262; Ill. Rev. Stat. 1983, ch. 110, pars. 19—123, 19—125.) Additionally, either an affirmance or a reversal of the cause would render the defendants' cross-appeal of the court's evidentiary rulings improper. Defendants' cross-appeal here is improper because they prevailed below, and a party may appeal only if he is injured by a judgment or will be benefited by a reversal. (*Newark Electronics Corp. v. City of Chicago* (1970), 130 Ill. App. 2d 1021; *Prince v. Atchison, Topeka & Santa Fe Ry. Co.* (1979), 76 Ill. App. 3d 898, 909.) If reversed, the court's evidentiary rulings would be merely nonfinal rulings in a pending case. They would not be appealable until the final judgment was entered in the resumed proceeding, at which time the final judgment would draw into question all prior nonfinal orders and rulings which produced the judgment. *Shelton v. Andres* (1984), 122 Ill. App. 3d 1089; *Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427.

Because our jurisdiction is confined to reviewing appeals from final orders or judgments (87 Ill. 2d R. 301), unless one of the exceptions for interlocutory appeals is applicable (Supreme Court Rule 304, as amended April 27, 1984, effective July 1, 1984; 87 Ill. 2d Rules 307, 308; *cf. Novak Food Service Equipment, Inc. v. Moe's Corned Beef Cellar, Inc.* (1984), 121 Ill. App. 3d 902 (where the court rejected plaintiff's claim the interlocutory appeal should be allowed under Supreme Court Rule 307(a))), we conclude the appeals at bar must be dismissed because the record does not show a final judgment has been entered which finally determines the parties' rights or which, if affirmed, would terminate the litigation. See *Oak Brook Bank v. Citation Cycle Co.* (1977), 45 Ill. App. 3d 1053.

Accordingly, the appeals are dismissed.

Appeals dismissed.

LINDBERG and STROUSE, JJ., concur.